### No 8.

### ALFRED KEEN v. S. S. CARLISLE.

1. Art. 890 C. P. must be considered in connection with Arts. 592 and 888 C. P. It is when appellee has cause to complain of the *judgment appealed* from that he may ask, in answer filed in appellate court, either for a reversal or affirmance of the judgment brought up. He cannot, without appealing from a judgment dismissing his demand in reconvention, have that judgment reviewed by the Appellate Court.

2. Where the issue presented by the pleadings is one of nuisance *vel non*, with a claim for damages fixed at five hundred dollars, and no contest involving the ownership of property, or the right to its enjoyment, the jurisdiction of the Court will be determined by the amount claimed.

*Appeal from the Fourth District Court. Houston, Judge.*

*J. H. Ferguson* for plaintiff and appellant.

*J. O. Nixon, Jr.,* for appellee.

The opinion and decree in this case were concurred in by James McConnell, Esq., judge *ad hoc,* vice McGloin, judge, recused, having been of counsel.

ROGERS, J.—Plaintiff sues to recover five hundred dollars as damages sustained by the erection, with a desire to injure him, of a fence or barricade, unsightly, offensive and injurious, obstructing the view, and shutting out light and air, and an intolerable nuisance. He also prays that this barricade be removed.

The answer is a general denial—a claim for $1250 in reconvention. The case was tried by a jury; and from a judgment dismissing plaintiff's action, and the claim in reconvention by defendant, plaintiff alone appeals. Defendant has filed in the Appellate Court an answer to the appeal, praying that the judgment be amended, so as to condemn plaintiff and appellant to pay him the amount of his demand in reconvention—$1250—and cites C. P. 890, and Bludworth *v.* Hunter *et al., al.,* 9 Rob. 256. The authority is not applicable to the case at bar, and Art. C. P. 890 must be considered with Arts. 592 and 888 C. P. It is when the appellee has cause to complain of the *judgment appealed from* that he may ask, in answer filed in the Appellate Court, either for a reversal or affirmance of the judgment appealed from. He cannot, without appealing from a judgment dismissing his demand in reconvention, have that judgment reviewed by the Appellate Court. Girod *v.* His Creditors, 2 An. 546; Westerman *v.* Street, 21 An. 714.

The judgment dismissing the claim of defendant is, therefore, not before us.

There is no contest before us as to the right concerning the ownership of property, and its enjoyment, to erect this barricade, as was the case disclosed in State ex rel. D'Arcy *v.*

Judge Fourth District Court, 25 An. p. 621, and Parle *v.* D'Arcy, 28 An. p. 424. The question is one of nuisance *vel non,* for its abatement and damages, placed by plaintiff at the sum of five hundred dollars.

The jury found that there was no nuisance, and that no damage had been sustained. This disposed of the entire matter at issue between the parties, and, as to all those issues, constitutes *res adjudicata.*

This cause was finally determined in July, 1877, and an appeal taken to the Supreme Court; that tribunal has referred it to this Court, holding that the only apparent amount in controversy is the sum of $500. This is also our view. We have held in Martin Williams *v.* Hayes, recently decided by us, that under the Constitution of 1879 this Court was without jurisdiction in cases involving five hundred dollars, decided and final, prior to August 1st, 1880. Our opinion has been recently approved by the Supreme Court of the State in State ex rel. McGehee, Snowden & Violet *v.* Judges, just decided.

The appeal herein is, therefore, dismissed.