## No. 157.

### SUCCESSION OF PETER GREEN.

Legislation applicable to debts does not affect taxes, hence liens and privileges for taxes rank claim of widow or minor in necessitous circumstances.

Tax judgments rendered by publication in the name of a dead person, are null and void; those rendered by publication in the name of an interdicted person, on the contrary, are valid.

Pleas of prescription must be specially pleaded and cannot be supplied by the Court.

On application for rehearing. The lien and privilege securing taxes is not general nor does it affect all property of the debtor, but it is restricted to the particular property assessed and taxed.

*H. M. Hyams,* attorney.

*J. W. Gurley, Jr., F. N. Butler,* attorneys.

His Honor Judge Frank McGloin delivered the following opinion and decree in the words and figures, to wit;

The amount to be distributed in this succession is less than one thousand dollars. The contest before us is between the City of New Orleans for taxes on the real property, whereof the proceeds are being disputed over; the necessitous minor, and the notary public, the latter claiming for his fees, etc., for services rendered in these proceedings and others connected therewith.

As to the last named, we dismiss him from all further considerations, because the only appellant before this court is the City of New Orleans, and its counsel has not, either in brief, or in oral argument demanded any interference with the judgment, so far as it relates to him. It is evident that we cannot put complaints into the mouths of litigants that appear before us, or grant a relief which has not been sought by the party authorized to claim it.

The only attack made upon the demand of the notary comes from the administrator; who is also the claimant as necessitous minor, but he has not chosen to appeal and cannot ask us to disturb the judgment as against a co-appellee.

The judge *a quo* maintained the position of the former minor, as against the City of New Orleans, upon the ground, so far as we can gather it that this claim, under the law ranks the taxes due upon the property, from the proceeds whereof the minor in necessitous circumstances seeks to realize his homestead. We cannot agree with our learned brother in this view of the law. The revised statutes of Louisiana, sections 1693, accord the widow or minor children of a deceased person, left in necessitous circumstances, and not possessing in their own right property to the amount of $1,000, a sum to be taken from the estate of the deceased husband or father, sufficient when added to that which said widow or minor already possesses, to make up such sum of $1,000. The statute further provides that this amount shall be paid in preference to all other debts, "except those for the vendor's privilege and expenses incurred in selling the property."

It seems now well settled that taxes levied by the sovereign for governmental purposes upon the property of the citizen or subject is not in the nature of a mere debt, and so is not affected by legislation making itself applicable to debts. Cooley on Taxation, Chapter 1, Parts 1 & 13.

Not only thence, taxes in their nature are so particular and so essential to the very life of the government, that it is not unreasonable to hold that where they are intended to be abrogated or otherwise affected by statutes of this character, the legislature would not content itself with general language such as applicable to ordinary debts arising between private individuals from contracts, expressed or implied; but would on the contrary, specially mention them.

We therefore hold that the section of the revised statutes, under consideration does not subordinate taxes to the claim of necessitous widow or minors.

The opposition of the City of New Orleans is for taxes for several years, commencing with 1874, and ending with 1881, both included. Those due for 1874, 1875, 1876, 1877, and 1878 are recognized by judgments which are established and identified by due proof in the record before us. To be more

specific there appears, in support of these, certified copies of the judgments themselves, the original bills upon which these decrees were obtained. The judgments themselves do not establish the particular year to which they apply, but the tax bills upon which they are based accompany them and serve to explain them as the petition would do in an ordinary case. There is also another judgment, which it is contended, covers the tax for 1879, but this does not appear from the decree itself, and the original tax bill has not been produced to complete the proof. We therefore cannot presume anything in favor of this judgment or apply it in this case, for in so doing we may be dealing with some judgment which really has no connection with the year to which it is sought to fit it.

These claims and judgments are each for less than $100 and rendered by district courts of this parish. It is urged that they are null and void for want of jurisdiction *ratione materiae* in the courts rendering them, by virtue of Art. 83, Const. 1868. The decisions bearing upon this article of the Const. of 1868, in our judgment, recognized in the legislature the untrammeled right of dealing with the courts of this parish, as provided for by said Const. of 1868. As, however, that constitution is now abrogated, a lengthy discussion of this question would be of no living interest.

It is next urged that Peter Green died August 22, 1876, and that the assessment and judgments made and rendered subsequent to said date, in the name of said Peter Green, are null and void. It is now settled that tax judgments rendered by publication in the name of a dead person, are null and void, and we must so consider all the judgments entered after said date. This affects the judgment for 1877 and 1878 alone, as that for 1876 was signed June 15th, 1876, and became final before the death of Peter Green.

The City of New Orleans urges that a nullity of this nature is relative only and not to be considered in the indirect manner that is being attempted. We do not consider that the question is to be considered as indirectly presented. Coming up as it does in a contest between creditors, as it were *in*

*concursu;* thus, it is only necessary for us to declare that we regard a nullity of this kind as absolute, and hence one which needs no special proceedings or decree to invalidate it. The public advertisements that precede the filing of tax bills in the courts are in the nature of citation, and when they are radically defective, the orders rendered upon them cannot be considered in the light of judgment. They are mere idle writings, which derive no light or force from the facts that they bear the semblance, and that alone, of judicial decrees.

It is further urged that previous to his death, Peter Green was for several years judicially interdicted, but that, notwithstanding this fact, the assessment and judgments were directed against him in his own name and not against curator. It is claimed that the principles last discussed apply, by parity of reasoning, to this feature of the case. We do not think so. When a person dies his name perishes with him, and his ownership of property as well. To assess and cite in or against a name under such circumstances is to proceed against a person who has no existence, and a designation that has no longer any signification. It is attempting, as well, to affect an ownership which has been destroyed. The property which did belong to such a person deceased has passed to other owners—his creditors and heirs, each according to his as their legal right and interest. It is these latter that are concerned and against them the proceedings should be had, as has been determined by our court.

Where, however, a person is simply interdicted he does not pass away in person or in name; nor has the ownership of his property been destroyed. His curator is simply his legal agent or representative, appointed by virtue of the law, differing from the administrator of one that is dead and who represents, not the deceased, but only his creditors and heirs.

In the interdict, all titles remain unchanged. His name still lawfully figures upon the records and otherwise, as owner. Ordinary suits instituted for any purpose to affect such property are directed against him, and are to affect his interest; and the only relation the curator has to such matters is that

Succession of Peter Green.

the lunatic or imbecile must be cited through and defended by him—the suit, however, being all the while against the interdict and not against his representative.

Therefore, we consider that there is no reason why the assessment of an interdict's property should not be in his name, as the principal and true owner, and why the publication should not follow the assessment and be in the same name.

Therefore, we consider that there is no reason why the assessment of an interdict's property should not be in his name, as the principal and true owner, and why the publication should not follow the assessment and be in the same name.

The plea of prescription is advanced against these taxes but we find no written plea to this effect, in the record. We are by law expressly prohibited from supplying a plea of this character. La. C.C., Art. 3463. So the law particularly directs that prescription must be pleaded expressly and specially before final judgment. The fact that the contest comes up over an account in a succession against which the holder of the claim, which it is contended is prescribed, has made himself an opponent, does not deprive the provisions of law by their application. The administration considered as plaintiff against all the world and his publication as citation can no more escape the necessity of specially pleading this defense than a plaintiff could do if called upon on his side, to resist a demand in reconvention, or compensation be prevented by one whom he had made defendant.

This issue has been presented by brief alone, and it is now too well settled for further discussion that briefs are but printed arguments, not serving in any manner as pleadings, and not intended to serve as such. The result of our conclusions upon the law and facts of this case is to recognize the claim and privilege of the City of New Orleans for taxes for the years of 1874, 1875, 1876 as legally assessed and as recognized by lawful judgment. That of 1877, although not supported by a lawful judgment is based upon an assessment made in 1876, which may and ought to have been completed before August 22, 1876. It is supported by the legal presumption

that the assessors, sworn officers of the law, had done their duty; which presumption should apply as well to the time as well as to the matter of performing work imposed upon them. All taxes subsequent to this date, say from and including 1878 to and including 1881, are based upon assessments made against and in the name of a dead man, and hence are null and void. Lawful assessment is an essential prerequisite of all lawful taxation, at least under the laws of this state. The citizen here, is not called upon to furnish his contribution to the support of the government in such sum or manner as the tax collector may choose to demand. He must pay no more than as fixed as being absolutely essential, and no more than all his fellow citizens are likewise called upon to pay. The constitution in declaring that taxation shall be equal and uniform protects him from unjust discrimination, and the assessment laws are the measures adopted by the legislature to enforce this constitutional provision and to protect the rights of the tax paying people. It is a comparative fixing of values, which is essential to an equal and fair distribution of the expense of government over and upon all the property of the state. Where, therefore, an assessment has been omitted, in place of the law requiring one, the share which such particular property should contribute to the government treasury has not been fixed, and no tax can be collected until such fixing has been had.

An assessment which is patently, radically defective, is not an assessment in the eye of the law, for such things receive a character only from the law, and from a fair compliance with its provisions.

In determining the amount due for taxes due for the years recognized we must be governed by the judgments into which they have been merged. The cases where there are such judgments, whether these be either more or less than what is due, they are nevertheless final and obligatory. This principle furnishes the guide in this case, as to the taxes of 1874, 1875, and 1876, but for that of 1877 we must depend upon the tax bill offered in its support.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended so as to recognize the City of New Orleans as a creditor with first privilege upon the fund to be distributed for the sums, interest and costs mentioned and specified in the judgments in causes 3644, 70250 and 85359, late superior district court for this parish, all entitled City of New Orleans vs. Peter Green, and for the further sum of $60, tax of 1877, with interest as fixed by law and with similar privilege. In all other respects the judgment appealed from is affirmed.

On Application For Rehearing.

His Honor Judge W. H. Rogers delivered the opinion and decree of the court in the words and figures following, to wit;

Our attention has been called to the fact that the taxes assessed for the years 1874, and 1875 by the City of New Orleans embraces two species of assessable property—real estate, and merchandise, stocks and capital at interest,—the judgment condemning Green awards a total sum due for taxes with the privilege and lien given by law on the property described.

It is clear that under the law this privilege only extends to the particular property for which the tax on the particular assessment is due—and that the privilege is not a general one on all property—Acts 1870, page 39, section 20.

The assessments for 1874 and 1875 on merchandise, stocks and capital at interest, represented by a coffee house was $400 —that is $200 for each year—and the tax on such assessment amounts to $10, or $5 for each year. The privilege for this sum therefore does not extend to the real estate and cannot be held as superior to the homestead claim by the necessitous heir out of the proceeds of sale of real estate.

The judgment of this court must be therefore amended by declaring that the privileges for taxes for 1874 and 1875 claimed by the city and recognized by a judgment of the late superior district court is operative only to the extent of the

amount due on the assessment of real estate—to wit the year 1874 to the extent of $112; for the year 1875 to the extent of $100.

It is not necessary to grant a rehearing and set the case down on the docket for another trial to make the change which is now ordered. Dewar vs. Derrne & Co., 1 McGloin 78; Hemphill Hamlin & Co. vs. Max Braun, No. 142 of the docket of this court.

It is now ordered that the original judgment herein rendered be amended by declaring the privileges for the taxes for 1874 and 1875 on the proceeds of sale of real estate to be restricted to the sum of $112 for the year 1875 and in all other respects the said judgment remain undisturbed.