HENRY HAWFORD *v.* MOSES AND SOLOMON ADLER, Administrators.

A notary public cannot be allowed to increase his legal fees for those acts which he does in his official capacity, by testimony as to the value of extra services.

A motion filed in the Supreme Court by the defendant, who is appellee, to have the judgment of the lower court amended by dismissing plaintiff's demand, is a substantial compliance with Articles 888 and 890 of the Code of Practice, and authorizes the entire reversal of the judgment of the lower court and a judgement of the appellate court in favor of defendant.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*J. O. Fuqua*, for plaintiff and appellant. *Muse & Hardee*, for defendants.

BUCHANAN, J. The plaintiff, a notary public in the parish of East Feliciana, made the inventory of the estate of *Benoit Adler*, of which the defendants are administrators, under an order from the District Court in which the succession was opened.

This inventory occupies between six and seven pages of this record, and contains about fifteen hundred words, counting every figure as a word. The petition admits that the plaintiff has received one hundred and twenty-five dollars for making this inventory, and he claims five hundred and two dollars and fifty cents additional, upon the following plea: "That by virtue of and in obedience to a commission from your honorable court, issued on or about the 9th of November, 1853, your petitioner, in his capacity of notary public, made inventories of the property and effects of said succession of *Benoit Adler*, deceased. That before said inventories could be made, it was necessary to go into a general and minute examination of the affairs of the commercial firm of *A. Levi, Adler & Co.*, of which firm deceased was a partner, and to make a detailed statement of said affairs, before the experts could make any estimation of the interest of deceased in said firm. That said examination and detailed statement of the business and condition of affairs in said firm were accordingly made by your petitioner, as will be seen more fully and in detail by reference to the annexed statements marked 'A' and 'B,' which are made part hereof. That your petitioner also made inventory, and performed other services for the benefit of said succession, as will be more fully seen by reference to the annexed statement or account marked 'C,' which is also made part hereof. That said labor and services so rendered, and which enured to the benefit of said succession, were well worth the price of six hundred and twenty-seven dollars and fifty cents. That petitioner has received from *A. Levi*, for the account of said succession, the sum of one hundred and twenty-five dollars, which leaves a balance due him of five hundred and two dollars and fifty cents, as hereinbefore stated."

On the trial the plaintiff offered witnesses to prove the value of his services in making a balance-sheet of the books of *A. Levi, Adler & Co.*, as contained in the inventory of *Benoit Adler*. This testimony was objected to by the defendants, but the objection was overruled and the evidence admitted. To which ruling of the court a bill of exceptions was reserved.

The District Court erred. A notary public cannot be allowed to increase his legal fees, for those acts which he does in his official capacity, by testimony of a *quantum meruit* for extra services. This was distinctly decided in *Walton*

v. *His Creditors*, 3 Rob. 438, and again in the case of the *State* v. *Atchafalaya Bank*, 7 Rob. 198.

It is very easy to perceive that a relaxation of the rule would make the fee bill a dead letter. And no stronger instance can well be presented than the present case affords of the bad consequences of a different rule: the extra compensation charged by the plaintiff for making the inventory of *Benoit Adler*, amounting to nearly twenty per cent. of the total appraisement of the estate inventoried. The jury who tried the case in the court below, found a verdict in favor of plaintiff for thirty-six dollars and seventy-five cents, from which plaintiff has appealed. The appellees filed in this court, on the same day the transcript was filed, a paper of the following tenor:

"*Henry Hawford* v. *M. & S. Adler*, Administrators.

"On appeal in the Supreme Court, come the defendants and appellees, and move the court to amend the judgment of the lower court by dismissing plaintiff's demand entirely, as prayed for in appellees' answer, and for the reason stated in their said answer.       By their attorneys,

MUSE & HARDEE."

We view this as an answer to the appeal, and a substantial compliance with the requirements of the Code of Practice, Articles 888 and 890.

As the record shows that the plaintiff has been already paid more than his legal fees for making the inventory of *Adler's* estate, the amendment prayed for must be allowed.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment for defendants, with costs in both courts.

MERRICK, C. J., was recused in this case.