Ross v. Adams.

## No. 180.—A. M. Ross *v.* Harvey Adams. ·

A renunciation of prescription after it has been acquired must·be express. A written proposition by the maker of the note, after prescription has been acquired, to take out ·a life insurance policy in favor of the holder is not such an acknowledgment of the debt as the law requires to establish a renunciation of an acquired prescription.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *Newton & Hall*, for plaintiff and appellant. *Todd & Brigham*, for defendant and appellee.

Howe, J. Action on a promissory note due in 1860; citation served in 1870; plea of prescription of five years; judgment for defendant and appeal by plaintiff.

The plaintiff sought to prove a renunciation of acquired prescription by the following letter:

"February 7, 1869.

"Mr. A. Ross:

"I will take out a life insurance in your favor on a ten annual payment if that will suit you. Come and see me or make an agent in Bastrop, and I will promptly attend the business. For the .sum of money that I will be able to pay you *only (annually?)* it wouldn't pay you to come after it.        Yours, etc.,        HARVEY ADAMS."

In connection with this it appeared that the defendant had never owed the plaintiff any debt but the one declared upon.

We can not think that this letter furnishes the written evidence which, under the statute of 1858, is necessary to establish a renunciation of an acquired prescription. It contains no express renunciation nor any promise to pay the debt in suit.

Judgment affirmed.