165 So. 8

ALENGI et al. v. HARTFORD ACCIDENT &
INDEMNITY CO. et al.

No. 33611.

Dec. 2, 1935.

Harry V. Booth and Chas. L. Mayer, both of Shreveport, for plaintiffs.

Dimick & Hamilton, of Shreveport, for defendants.

HIGGINS, Justice.

Plaintiffs brought two separate suits against the defendants, in solido, to recover damages for personal injuries and property loss alleged to have resulted from the negligence of one of the defendants, who was driving an automobile which collided with the truck driven by one of the plaintiffs, in which the other plaintiff was riding. The defendants denied the charges of negligence and pleaded contributory negligence on the part of the plaintiffs.

There was judgment in favor of each of the plaintiffs and, being dissatisfied with the amount awarded, they appealed only from the judgment in so far as it did not allow the amount claimed. The defendants answered the appeal, praying that the demands of both plaintiffs be rejected in toto, on the grounds averred in their defenses. The Court of Appeal refused to consider the defendants' contention as to the question of liability on the ground that the appeal having been granted for only a limited purpose, and the defendants having failed to appeal, that the only question before the court was as to the correctness of the district court's judgment on the question of quantum, and increased the amount of the award.

Defendants then applied to this court for a writ of certiorari, which was granted, and the matter is now before us for review.

Articles 592 and 888 of the Code of Practice read, respectively, as follows:

"592. Nevertheless, if the appellee complain of some parts of the judgment of the inferior court, he may, *without appealing* from the same, pray it to be set aside in those points in which he believes that he is aggrieved." (Italics ours.)

"888. If the appellee has cause to complain of the judgment appealed from, he may, *without appeal* on his part, state in

his answer the points on which he thinks he has sustained wrong, and may pray that the judgment be reversed with respect to them, and confirmed with costs on the rest." ˙ (Italics ours.)

In the case of Lange v. Baranco, 32 La. Ann. 697, at page 699, the court said:

"The plaintiff objects to the trial of the case here as regards the reconventional demand, on the ground that the defendant did not appeal from the judgment dismissing that demand.

"It was unnecessary that she should do ·so. A judgment is the solemn adjudication of a court, established by law, made in a suit upon the relative claims of parties thereto, as disclosed by the record, and which passes on the matters so presented for determination. When it decides the issues submitted, it is an entirety, and, strictly, is indivisible; not so, however, as to compel a party who is only partly benefited to appeal from the judgment in his behalf. It may be rendered partly in favor of or against a litigant, and partly in favor of or against others. The party who appeals, whoever he be, theoretically brings up the entire judgment for revision to the appellate court; absolutely, as far as it aggrieves him, and conditionally as it affects others who are the appellees, and who can ask that the judgment, as to them, be re-examined and reformed. The Code of Practice, art. 888, recognizes undoubtedly this theory, by permitting expressly the appellee, in his answer, when seasonably filed, to ask a reversal in part and a confirmation in part, as he may choose to do.

*"The whole judgment is therefore before us for review."* (Italics ours.)

In the case of Gormley v. Gormley, 161 La. 121, 108 So. 307 (syllabus), the court held:

"Where wife's direct demand for separation and husband's demand therefor by way of reconvention were dismissed, and husband perfected appeal, wife's answer to appeal and prayer for amendment of judgment was sufficient to authorize review on main demand as well as on demand in reconvention."

See, also, Bacher v. Higgins (La.App.), 156 So. 826.

In the case of Hawford v. Moses and Solomon Adler, 12 La.Ann. 241, the plaintiff, a notary public, sued the succession for the sum of $502.50, for additional fees in preparing an inventory of the estate. There was judgment in favor of the plaintiff for the sum of $36.75, and he appealed, seeking to have the amount increased. The appellees filed in this court a document in the nature of a motion, praying that the plaintiff's demands be rejected entirely, as prayed for in the defendants' answer. The court said:

"We view this as an answer to the appeal, and a substantial compliance with the requirements of the Code of Practice, Articles 888 and 890" (the articles providing for an answer to an appeal). (Parenthesis ours.)

The court then proceeded to reverse the judgment of the lower court and gave judgment for the defendants, rejecting the plaintiff's demand in toto.

In the case of Hunter v. Rector, Wardens and Vestrymen of St. Ann's Chapel, 173 La. 454, 137 So. 850, 852, the plaintiff brought suit against the Rector, Wardens and Vestrymen of St. Ann's Chapel, and judgment was rendered and signed in his favor, against the defendants. Shortly thereafter, the plaintiff ruled the defendants into court, to show cause why the judgment should not be amended, so as to state the correct corporate name of the defendant, i. e., "St. Ann's Chapel of the State of Louisiana." The rule was heard and dismissed, and plaintiff took a devolutive appeal for "the sole purpose of having said judgment corrected to include the true corporate name of defendant." The appellee moved to dismiss the appeal on the ground that to permit appellant to appeal for only a limited purpose would deprive it of a substantial right, i. e., the right granted to an appellee of having the judgment appealed from set aside in those points in which he believes he is aggrieved by answering the appeal, under articles 592 and 888 of the Code of Practice. We said:

"That would be true if the appeal applied for had not brought the whole case up for review, and counsel for appellant concede that it has."

It is stated that the above cases are not in point, because there the appellant did not expressly and specifically limit his appeal to a consideration of a part of the case. It is difficult to understand how the appellant, by limiting his appeal, can deprive the appellee of the rights, granted him by articles 592 and 888 of the Code of Practice, to have the judgment reviewed in the respects complained of in the answer to the appeal, without appealing. A mere reading of those two articles clearly shows that it was never contemplated that the appellee's right to have the judgment reviewed, by answering the appeal, could be taken away from him by the appellant appealing only for an express and specific, or limited purpose.

Counsel for the plaintiffs, in support of their argument that the appellate court will not pass upon the whole judgment of the lower court when an appeal has been granted only from a part of it, cite the case of De Bellevue v. Couvillion, 3 La. App. 568. That case is not in point, because it appears that the appellee did not appeal and failed to answer the appeal, but sought to have the whole judgment reviewed, where the appellant took the appeal only from a portion of the judgment.

We have also been referred to the case of Keen v. Carlisle, 1 McGloin, 78, where the court held that an answer to the appeal was not sufficient to bring up a reconventional demand which was dismissed, and that the plaintiff in reconvention was required to appeal, in order to have the matter reviewed. This view is not in accord with the jurisprudence as is pointed out in the case of Bacher v. Higgins, supra, and is contrary to the view expressed in Gormley v. Gormley and Lange v. Baranco, supra.

The cases of White v. Fifth Regular Baptist Church, 31 La.Ann. 521, and Laloire v. Wiltz, 31 La.Ann. 436, are not in point, because there the court held than an intervener, who wishes to have considered

on appeal the judgment rejecting his claim in intervention, must appeal, because, in an appeal by either the plaintiff or defendant to the suit, the intervener is neither an appellant nor an appellee, and, consequently, the articles of the Code of Practice dealing with answer to the appeal are not applicable to an intervener.

We conclude that the Court of Appeal erred in refusing to consider the issues raised in the answer to the appeal. Therefore, we shall remand the case to the Court of Appeal, for the purpose of considering those questions. Buckley v. Thibodaux, 181 La. 416, 159 So. 603.

For the reasons assigned, the judgment of the Court of Appeal is annulled, and the case is remanded to the Court of Appeal for further proceedings, according to law and not inconsistent with the views herein expressed; plaintiffs and respondents in writ to pay the costs of this court; all other costs to await final disposition of the litigation.

ODOM, J., concurs in the result.