## GLASS v. HOLOMON et al.
### No. 6081.

Court of Appeal of Louisiana.
Second Circuit.
April 4, 1940.

Rehearing Denied May 3, 1940.

Writ of Certiorari and Review Denied
July 18, 1940.

R. D. Watkins, of Minden, for appellant. Campbell & Campbell, of Minden, for appellees.

HAMITER, Judge.

On January 6, 1917, S. J. Holomon executed three promissory notes, each of which was for the principal amount of $400, named R. W. Smith as payee, and stipulated eight per cent interest from maturity and ten per cent attorney's fees. The first was due and payable January 6, 1918, the second January 6, 1919, and the third January 6, 1920. Their payment was secured by a mortgage and vendor's lien affecting 200 ares of land.

The notes bear the endorsements of R. W. Smith and A. Glass, made without recourse, and are presently possessed and owned by Thomas A. Glass, plaintiff in this suit.

S. J. Holomon, the maker, died intestate in the year 1935, and thereafter his widow and children, who are the defendants herein, accepted his succession purely, simply and unconditionally.

This proceeding has for its purpose the recovery of judgment against defendants for the principal amount of each of said notes, with interest and attorney's fees, less certain alleged credits; and to obtain recognition and enforcement of the aforementioned vendor's lien and mortgage.

In addition to answering the petition, defendants pleaded the prescription of five years. Civ.Code, art. 3540.

The plea of prescription was sustained by the district court as to the second note, or that which was due January 6, 1919, and plaintiff's demands with respect thereto were rejected. Otherwise, it was overruled and judgment was rendered in favor of plaintiff for the balance due on the first and third notes, with interest and attorney's fees, and ordering that the mortgage and vendor's lien be recognized and enforced.

Plaintiff appealed from the judgment in so far as, and only to the extent that, it sustained the plea of prescription and rejected his demands with reference to the second note. An answer to the appeal has been filed by defendants in which they ask that the judgment be amended by sustaining the plea of prescription as to the first note and reducing the plaintiff's award proportionately; and that as amended it be affirmed.

■ Counsel for plaintiff states in his brief that, "defendants did not take any appeal and therefore the only question to be considered on this appeal is whether or not the judgment sustaining the plea of prescription on the second note is correct." It was unnecessary for defendants to appeal. The filing of their answer sufficed to bring the entire judgment before us for review. Code of Practice, articles 592 and 888; Alengi et al. v. Hartford Accident & Indemnity Co. et al., 183 La. 847, 165 So. 8.

Neither side disputes the correctness of the judgment with reference to the third note. Defendants concede that it has not prescribed. Consequently, we are considering the matter of prescription as it relates only to the second and first notes.

It is disclosed by the record that S. J. Holomon, the maker of the notes, wrote a letter of date April 24, 1931, to A. Glass, the then owner, and therein stated: "As for what I told you last week, I hereto attach one my self note dated June the 12, 1928 due six months after date for Two Hundred Twenty Five Dollars with interest·from maturity with a credit on it for fifty dollars Dec. 15th, 1928. And one my self note dated February 19th, 1930, for five hundred dollars due September the 1st, 1930 with eight per cent interest from date. Both notes are secured by first mortgage on forty nine and one-half acres of land described as follows: SW¼ of SE¼, and a strip 104½ yds. wide across the East side of the SE¼ of SW¼, Sec. 10, T, 19 N.R. 8 W. The above mentioned notes you will hold as additional collateral on the three old notes you hold against me returning these above mentioned two notes when I have paid as much as $500.00 on the old notes." Obviously, the referred to "three old notes" are those involved herein. No others are shown to have been outstanding.

Previous to the date of such writing the second note had become barred by the prescription of five years, as there had been no payment or other acknowledgment made with respect to it since December 12, 1925. Plaintiff contends, however, that the quoted letter amounted to a renunciation of the accrued prescription. If this be true, the obligation has since been kept alive by subsequent payments.

■ It is legal to renounce prescription when once acquired, although one cannot reject a prescription not yet acquired. Civil Code, article 3460. The renunciation of it can be either express or tacit. A tacit renunciation results from a fact which gives a presumption of the relinquishment of the right acquired by prescription. Civil Code, article 3461. The acknowledgment of an unprescribed debt will interrupt the current of prescription thereon, but a mere acknowledgment of an obligation already prescribed is not sufficient to render it enforceable. Succession of Slaughter, 108 La. 492, 32 So. 379, 58 L.R.A. 408; Sullivan v. St. Anna's Chapel of State of Louisiana, 168 La. 383, 122 So. 118. A new and positive promise to pay is necessary to nullify prescription that has accrued. Frellsen & Stevenson v. Elbert Gantt, 25 La.Ann. 476; Burdin v. Burdin, 171 La. 7, 129 So. 651.

■ The letter relied on by plaintiff, in our opinion, did not effect a renunciation of the accrued prescription that barred the enforced collection of the second note. A relinquishment of the prescriptive right possessed by the maker is neither expressly nor presumptively shown. It contains no new and positive promise to pay. At most, the writing discloses an acknowledgment of the old indebtedness (the three notes) to the extent of $500, which is only a part thereof; this being through and by means of the pledge made. It is not impossible, although perhaps unusual, for one to pledge property as security for the pay-

ment of an obligation without binding himself personally by a promise to pay.

No other case involving an identical factual situation has come to our attention. Somewhat pertinent to the issue under consideration, however, are Ross v. Adams, 23 La.Ann. 621 and Seyburn v. Deyris, 25 La.Ann. 483. In the former, it was held that a written proposition by the maker of a note, after prescription had accrued, to take out a life insurance policy in favor of the holder was not sufficient to revive the prescribed indebtedness. The holding in the latter case was that the giving of a note for interest on a mortgage claim already prescribed would not be construed as a renunciation of the accrued prescription.

Defendants urge, under their answer to the appeal, that prescription has destroyed the first note. The maturity date of this instrument was January 6, 1918; and prescription of five years was acquired thereon on January 6, 1923, unless its running was previously interrupted. On the back of the note appear various notations reflecting payments on the indebtedness. If shown to be valid credits, these, together with the above discussed letter, are adequate to provide the interruption and render the obligation presently in full force and effect. Defense counsel recognizes the existence of the notations, but contend that the credits reflected thereby were not properly proved on the trial of the case.

In paragraph 2 of the petition, plaintiff alleges:

"That all of the said promissory notes are past due and unpaid with the exception of the following enumerated credits, as follows:

"On note due January 6th, 1918:
"$100.00 paid December 2nd, 1922
"$15.00 paid December 12th, 1925
"$40.00 paid December 4th, 1926

"$40.00 paid on December 30th, 1926
"$41.03 paid on November 1st, 1929
"$25.00 paid on December 16th, 1929
"$25.00 paid on February 21st, 1930
"$250.00 paid on November 6th, 1935
"$333.34 paid on June 24th, 1937."

Defendants pleaded to these allegations by stating: "Answering paragraph 2 of plaintiff's petition, it is admitted that the maturity dates fixed in said notes have long since past, but deny that the credits due on said notes, as set forth in the schedule set forth in paragraph 2 of plaintiff's petition is correct."

In further answering said paragraph 2 of the petition, defendants only assert the improper apportionment on the three notes of the payment of $1,000 made on June 24, 1937, contending that $200, instead of $333.34, should have been applied to the first note, and the balance placed to the retirement of the third note.

A defendant in his answer, under our Pleading and Practice Act, is required to either admit or deny specifically each material allegation of fact contained in the petition of the plaintiff. All such allegations not denied are deemed to be admitted. Act 157 of 1912, as last amended by Act 27 of 1926.

The defendants in the instant case, according to our appreciation of their above described pleadings, did not deny specifically the making of payments on the first note on the various dates alleged, but merely challenged the correctness of the imputation of the $1,000 payment of June 24, 1937. Therefore, under the mentioned statutory provisions, plaintiff's allegations of credits, except as to the amount listed under said last named date, are deemed admitted; and the offering of evidence in proof of them was unnecessary.

In our opinion the judgment of the trial court is correct and it is affirmed.