Walter E. Canulette, the owner of a shipyard located on the New Basin Canal in New Orleans, which he conducts under the name of "Walter E. Canulette Son," alleges that he made certain repairs to the motor-powered boat Ora owned by defendant, amounting to $159.32, which the defendant has failed to pay, notwithstanding amicable demand.
The defense is that whatever work was done by plaintiff was defectively performed and was so worthless that defendant received no benefit whatever therefrom. Defendant also claims in reconvention the sum of $160.00, representing $75.00 which he alleges he paid to a mechanic for repairing the boat's motor, and $85.00 which he paid for recaulking and painting the hull.
The court below dismissed both the main and reconventional demands as of nonsuit, and plaintiff alone appealed from the judgment. Defendant answered the appeal praying that he be allowed to recover on the reconventional demand.
Plaintiff contends that the demand in reconvention is not before us, for the reason that defendant did not appeal from that part of the judgment which dismissed the demand. In other words, it is plaintiff's contention that the answer to the appeal does not suffice to bring before us the reconventional demand for review.
There is no merit to this contention. It is now thoroughly settled that an answer to the appeal is sufficient to bring up for review a reconventional demand which was dismissed; it is not necessary that the reconvenor take an appeal from the judgment. Alengi v. Hartford Accident *Page 854 
Indemnity Co., 183 La. 847, 165 So. 8; City of Shreveport v. Kahn, 194 La. 55, 69, 193 So. 461.
About February, 1946, Clesi brought the boat, which was in a leaky condition, under its own power to plaintiff's shipyard. He testified that plaintiff and plaintiff's son were present, and that the latter showed him where to moor it. This is denied by Canulette, who claims the boat was brought in during the night when no one representing the shipyard was there to receive it, and that his first knowledge of its presence was when he found it the next morning half full of water.
Plaintiff stated that after pulling the boat out of the water and placing it on the ways, he informed Clesi that there was water in the base of the motor, and that the boat and its motor were in bad condition. There is no dispute that Clesi did not want the motor repaired and that Canulette did no work on it. The record reveals that Clesi planned to take the boat to Delacroix Island to be used for a short time in trawling, and that he only wanted all leaks caulked.
Plaintiff claims that his workmen put four new planks in the bottom, caulked this new work, checked all leaks found, and applied two coats of copper paint to the bottom. He admits, however, that he did not caulk the entire hull.
It seems that the boat remained at the shipyard for several months, during which time, so Canulette testified, rain water entered the boat and it had to be bailed several times. On the other hand, Clesi claims that Canulette did not work on the boat until long after its delivery, and that Canulette's son (who did not testify) constantly made excuses, and gave as the reason for the delay in starting the work that the shipyard workers were extremely busy. Clesi says he called on plaintiff several times importuning him to do the job.
At any rate, Clesi eventually received the Ora, but he claims that its motor failed to function and it was necessary to engage the services of a mechanic. This mechanic testified as to the work done on the motor, which he said took sixteen hours to complete, and for which he charged $75.00.
After the motor repairs, Clesi left for Delacroix Island in the boat. He and Molinary, one of the two men who accompanied him on the trip, testified that shortly after leaving the shipyard the boat commenced to leak badly, and that in crossing Lake Borgne the three of them constantly had to bail out water, otherwise the boat would have foundered.
Clesi and Molinary stated that it was necessary to tie up at Shell Beach because of the leaks. Temporary repairs were made there, and the next day the boat was taken to Delacroix Island by two persons who were to use the Ora to trawl shrimp. At the island, the boat was taken to the shipyard of Manuel Montalonie, where it was caulked and the bottom coated with copper paint, at a cost of $85.00.
Plaintiff's opinion was that if the boat leaked on the trip the water came in through the stuffing box, which, as he had warned Clesi previously, was in bad condition. Clesi insisted that the seams leaked badly, and that the water poured in through the seams.
The testimony of Clesi and Molinary is uncontradicted. They are emphatic that the trip to Shell Beach was hazardous because of the large number of leaks, and that they feared at times that the boat would be swamped. The two men at Shell Beach who took over the boat from Clesi also testified that it leaked water on the way to Delacroix Island.
Plaintiff's counsel contend that even if it be accepted as a fact that the boat did leak, Canulette nevertheless is entitled to the price of his work, although it was defective or unfinished, and that defendant's only remedy is for a reduction of the price to the extent of the damages sustained by reason of the defective performance of the contract. In support of this argument, counsel cite several cases, among which are: Reimann Construction Co., Inc., v. Upton, La. App., 178 So. 528; Merrill v. Harang, La. App., 198 So. 386; and Brandin Slate Co. v. Bannister, La. App., 30 So.2d 877.
Under the cited cases, a contractor may recover the value of his work, even though it be unfinished or defective, and *Page 855 
the remedy of the owner is to have the price reduced to an amount necessary to perfect or complete the work. However, that rule applies only where the contractor has substantially complied with his undertaking, as that is all the law seems to require. Davidson v. McGrath, 5 La. App. 125. In other words, upon delivery of the work by the contractor, it must be in such state of completion and perfection that the owner was to some extent benefitted thereby.
But, as we view the testimony of Clesi, Molinary, and the two residents of Shell Beach, which is uncontradicted, it is obvious that whatever work was done by Canulette was so defectively and imperfectly performed as to be worthless to Clesi and absolutely of no benefit to him. There was no substantial compliance with the contract, and the rule announced in the cases cited by appellant cannot here apply.
The testimony of plaintiff and two of his workmen was that four new bottom planks were installed. The two residents of Shell Beach, who had the boat pulled onto the ways at Delacroix Island, testified positively that there were no new boards in the boat's bottom, and that there was no evidence that the bottom had been coated with copper paint as claimed by plaintiff. It was necessary to have the bottom painted at Delacroix Island.
This leaves for consideration the reconventional demand. The first item is for the $75.00 which Clesi paid to the mechanic for motor repairs. Defendant's contention is that Canulette allowed the boat to sink and to remain submerged for some time, which caused a freezing and corrosion of the motor, inhibiting it from functioning, and necessitating the repairs. There is no evidence indicating that the motor was under water for any considerable period of time. Canulette said that he found the boat submerged the morning after it was delivered by Clesi, and immediately bailed it out and placed it upon the ways. Clesi admits that the Ora leaked badly when he brought it to Canulette's place, and if the boat sank overnight, it certainly cannot be said that this is attributable to negligence on the part of plaintiff, and we do not think that defendant is entitled to a reimbursement for the cost of the mechanical work done on the motor.
We fail to see how the other item of the reconventional demand, i. e., the $85.00 paid at Delacroix Island for caulking and painting, can possibly be a proper one for allowance. Defendant disavowed plaintiff's demand, and we have disallowed it, and certainly defendant has no legal basis for claiming the price which he may have paid someone else to caulk and paint the bottom of the boat.
This case involves solely and only a question of fact, and the lower court, who saw and heard the witnesses and appraised their veracity, dismissed the demands of both parties. The findings of fact of the judge a quo are persuasive, and there appearing no error patent in the record or in the judgment, we think it should be affirmed.
Accordingly, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., takes no part.