85 So.2d 117 (1955)
Marvin C. FERGUSON
v.
Dorothy D. PARR and Travelers Indemnity Co.
No. 4123.
Court of Appeal of Louisiana, First Circuit.
December 30, 1955.
Rehearing Denied February 3, 1956.
Writ of Certiorari Denied March 26, 1956.
*118 Blanchard & Blanchard, Donaldsonville, for appellant.
A. Deutsche O'Neal, Houma, Robt. D. Morvant, Thibodaux, for appellee.
LOTTINGER, Judge.
This is a tort action wherein the plaintiff seeks damages as the result of having drunk a bottle of Coca Cola which allegedly contained some "foreign substance and pieces of bugs and insects." The plaintiff alleges that on or about the second day of August, 1953, while in a restaurant owned by one Dorothy D. Parr in the town of Raceland in Lafourche Parish, the plaintiff purchased a bottle of Coca Cola and that after having drunk a portion of same, became violently nauseated and had to seek the services of a doctor. He seeks damages in the amount of $2,000 for mental and physical pain, $150 for loss of three days work, $5.53 for medical expenses and $1,000 for the permanent damage to his stomach. Joined as defendants are Dorothy D. Parr, the owner and operator of the restaurant where the bottle of Coca Cola was purchased, and the Travelers Indemnity Company, liability insurer of the Louisiana Coca Cola Bottling Company, Ltd.
Following trial on the merits in the court below, judgment was rendered dismissing plaintiff's suit against the defendant, Dorothy D. Parr and against the defendant Travelers Indemnity Company, awarding to plaintiff the sum of $150 for personal injuries and $5.53 for medical expenses. No appeal was taken from the judgment dismissing the suit against Dorothy D. Parr, but the plaintiff has appealed seeking an increase in the damages awarded him. The defendant Travelers Indemnity Company answered the appeal seeking a reversal of the judgment of the lower Court and, alternatively, that same be affirmed.
The question was presented for the first time upon oral argument as to whether the question of liability could be raised by the defendant on this appeal in view of the fact that no appeal was taken by it. As just stated above, while the appeal was taken only by the plaintiff, the defendant answered this appeal seeking a reversal of the judgment. It appears to be well settled that this is sufficient to bring before us the question of liability. See Code of Practice Articles 592 and 888, and also the holding of our Supreme Court in the case of Alengi v. Hartford Accident & Indemnity Co., 183 La. 847, 165 So. 8.
Coming now to the question of liability, a careful review of the record fails to disclose any manifest error on the part of the trial judge in concluding that the plaintiff became nauseated and sick as a result of drinking part of a bottle of Coca Cola purchased at Miss Parr's place of business. The plaintiff so testified and his testimony is corroborated by that of a Mr. Emanus, a man who was with him at the time and a Miss Knight, the waitress who served him the drink. While counsel for defendant vigorously argues in his brief that the case smacks of collusion, we are unable to find anything in the record to substantiate this charge nor are we able to find any manifest error in the amount of damages awarded the plaintiff. It is clear that almost immediately following the drinking of the Coca Cola he consulted Dr. Richard Robichaux who gave him a prescription for Emetrol, a drug for the relief of nausea. The total medical bill was $5.53 and hence this amount was properly allowed. The plaintiff is a resident of Ruston, Louisiana, and after his return home, did not consult any other doctors. Under the circumstances, we are convinced that he was only mildly ill and that the award of $150 is adequate. The record does not substantiate plaintiff's claim in what amount exactly he lost for the alleged few days that he was ill after returning home nor that he was ill and, consequently, there is nothing upon which to base an award for damages for loss of earnings. There is a stipulation in the record to the effect that there was no permanent disability and there is no proof as to any permanent psychological effects.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.