GLADNEY, Judge.
This action was instituted by Carl B. Weidner against the Globe Indemnity Company, insurer of Mrs. Florence R. Camus, to recover property damage to his automobile resulting from an intersectional collision on September 6, 1956, about 5:15 o’clock p. m., in the intersection of Alexander and Egan Streets in Shreveport, Louisiana. The defendant through its answer denied allegations of negligence directed at Mrs. Camus, and having become subro-gated to the rights of its insured, instituted a reconventional demand for the loss it incurred. Additionally, pleading in the alternative defendant has alleged contributory negligence on the part of plaintiff and invoked the last clear chance doctrine. Upon the issues so presented, the case came to trial and resulted in a judgment rejecting both the principal and the reconventional demands. From the judgment so rendered, plaintiff has appealed.
The appellee has answered the appeal for the purpose of preserving its recon-ventional demand. We are also confronted with a motion by appellant to dismiss ap-pellee’s answer to the appeal, which plea is grounded upon the failure of defendant to take individual orders of appeal, filing appeal bond and other steps necessary to perfect an appeal from the court’s dismissal of the reconventional demand.
*568 In this court counsel for appellant has neither briefed nor argued the motion to dismiss appellee’s answer to the appeal. However, there seems to be little merit to the motion to dismiss. The answer to the appeal filed by the appellee was sufficient to bring before the appellate court for review its reconventional demand and there was no need for the defendant to perfect an appeal from the judgment. See Alengi v. Hartford Accident & Indemnity Co., 1935, 183 La. 847, 165 So. 8; Glass v. Holomon, La.App.1940, 197 So. 438; Walter E. Canulette & Son v. Clesi, La.App.1949, 39 So.2d 853; Ferguson v. Parr, La.App. 1955, 85 So.2d 117.
At the intersection where the accident occurred Alexander and Egan Streets are each thirty feet in width, black topped, and traffic entering the intersection is not affected by traffic signals or stop signs. Neither of the streets is accorded the right of way under the City traffic ordinance, which fixes a speed limit applicable to these streets of twenty-five miles per hour. At the time of the accident the atmosphere was clear and the streets were dry.
Mrs. Florence R. Camus was driving her Oldsmobile automobile in a westerly direction along Egan Street and plaintiff was driving a Dodge car northerly along Alexander Street. The southeast corner of the intersection was not obstructed and either motorist was visible to the other for a distance prior to reaching the intersection of one hundred feet, or perhaps even farther. Shortly after the collision Officer Houston Burns of the Shreveport Police Department determined the point of impact to be fourteen feet southwest of the northeast corner of the intersection and twenty-six feet northeast of the southwest corner of the intersection. He testified the Oldsmobile of 'Mrs. Camus skidded forty-two feet before the impact and at the instant of collision the vehicle was turned somewhat to the right, which caused the left front portion of the Camus vehicle to strike the right rear part of plaintiff’s car.
Plaintiff charges the proximate cause of the accident was due to the negligence of defendant’s insured in failing to maintain a proper lookout and proper control of the vehicle she was driving; in entering the intersection at a time when she was blinded by the sun; in failing to accord plaintiff the right of way after he had preempted the intersection; in failing to apply her brakes; and in traveling at an excessive rate of speed. Almost identical counter charges are made against plaintiff.
The judge a quo reached his decision upon finding that plaintiff did not actually see Mrs. Camus until he was close to the intersection and, that if he had been alert he would have seen the Camus car approaching on his right and stopped. Accordingly, plaintiff was adjudged guilty of negligence, barring his recovery. The court then opined defendant’s insured was traveling in excess of twenty-five miles per hour, the limit of speed as fixed by the City ordinance, and, in fact, was traveling at the time about thirty or more miles per hour, predicating this finding on the fact that her car skidded forty-two feet, and after arriving at this conclusion he reasoned that if Mrs. Camus had been traveling at a lawful rate of speed she could have stopped short of the intersection and, therefore, have avoided the accident. Therefore, the demand in reconvention was denied.
Plaintiff called to the witness stand Pli-ney Philip Stagg, Ashley E. Elton and Paul N. Lingenfelter, who were passengers in plaintiff’s car. Weidner testified that as he approached the intersection he was traveling at a speed of from twenty to thirty miles per hour and first noticed the Camus vehicle some eighty or one hundred feet east of the intersection, but he did not make this observation until he was from ten to twenty feet from the intersection; that he thereupon took his foot off the brake , and accelerated his automobile in order to negotiate the intersection ahead of the other vehicle. Stagg testified he first saw the Oldsmobile when it was about one-half *569 block away and plaintiff’s vehicle was two or three car lengths south of the intersection. Elton stated he did not observe the Camus vehicle until plaintiff’s car was already in the intersection. Lingenfelter said he observed the Camus automobile when it was about seventy-five feet east of the intersection and plaintiff’s car several lengths from the intersection. These witnesses estimated the speed of the Oldsmobile was about the same as that of plaintiff’s Dodge.
Officer Burns testified during his investigation Mrs. Camus said that she was blinded by the sun just prior to the accident but we attach no special significance to this ■evidence as it is definitely shown that Mrs. Camus’ automobile skidded forty-two feet before the impact, thus indicating she attempted to avoid the accident and to control the course of her vehicle when it was ■about seventy-five feet east of the point of ■collision. The record furnishes no direct testimony as to the exact speed of the Oldsmobile just prior to the accident. Mrs. Camus declined to estimate her speed. The passengers in Mr. Weidner’s car testified that he was traveling from twenty-five to thirty miles per hour and that plaintiff’s speed was about the same as that of Mr. Weidner. The opinion of the trial court, predicated on the braking distance of the Camus car, concluded that it was traveling slightly more than thirty miles per hour.
Appellant argues the facts established in this case show plaintiff preempted the intersection and that defendant’s insured should have yielded. Cited in support of this contention is the case of Gauthier v. Fogleman, La.App.1951, 50 So.2d 321, 323, to the effect:
“It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles and that the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent, even though the car entering the intersection secondly in point of time is being driven on a right of way street.” (And authorities therein cited.)
The rule of law applied in the cited case is subject, however, to some qualifications and should embrace in any definition of “preemption” the requirement of entering an intersection with the normal and reasonable opportunity and expectation of clearing such intersection, without obstruction to the crossing thereof of other vehicles. Harris v. Travelers Indemnity Co. of Hartford, Connecticut, La.App.1954, 70 So.2d 235, 237; Broughton v. Touchstone, La.App.1954, 72 So.2d 552; Ehtor v. Parish, La.App.1956, 86 So.2d 543, 547.
The evidence indisputably establishes the point of impact, the location of which indicates plaintiff’s automobile had advanced only a few feet further into the intersection than the vehicle driven by Mrs. Camus, and, therefore, is convincing plaintiff is not entitled to claim the right of preemption. In Ehtor v. Parish, supra, it was stated: “The entry into the intersection just a fraction of a second ahead of the other vehicle does not create a pre-emption.” In reaching this conclusion we observe that Mrs. Camus was diligent in applying her brakes, whereas plaintiff did not materially retard the progress of his car as he reached the intersection.
The demands of the defendant were rejected on the ground that its insured was negligent in driving at a speed in excess of the legal limit. Under the facts established by the evidence, we are of the opinion that the rate of speed of the Oldsmobile was not a proximate cause of the accident. In Brazzel v. Farrar, La.App.1952, 61 So.2d 517, 520, this court noted that by virtue of the provisions of the state highway regulatory statute an intersection such as exists *570 at Alexander and Egan Streets, accords the right of way to the vehicle approaching the intersection from the right. We said:
“As the intersection is one that has not been regulated by the Shreveport traffic ordinance, it is governed by the state highway regulatory act, which provides that where neither of two intersecting streets or highways is given the right of way over the other, the vehicle approaching the intersection from the right has the right of way over a vehicle approaching the intersection from the left. LSA-R.S. 32:-237A. * * *”
We think it is clear the vehicle operated by Mrs. Camus enjoyed a right of way under statutory law, over the vehicle operated by plaintiff and that Mrs. Camus was entitled to enter and cross the intersection in safety. Plaintiff not only failed to timely observe the approach of the vehicle coming from the east, but under the facts and circumstances shown, should have yielded the right of way. This, in our opinion, was the proximate cause of the accident. The trial judge, we think, failed to give proper application to the provisions of the state highway regulatory act.
Plaintiff has sought to recover damages in the sum of Five Hundred ($500) Dollars, and the defendant by reconventional demand, claims the sum of Two Hundred Fifty-Six and 25/100 ($256.25) Dollars. There is no contention against the correctness of the quantum claimed by either party.
It is, therefore, our appreciation of the evidence that the proximate cause of the collision between the vehicles operated by plaintiff and defendant’s insured, was the failure of plaintiff to timely observe and to accord to the vehicle approaching from his right the right of way. We find also that plaintiff did not timely enter the intersection so that his entry into the intersection can be regarded as a preemption •thereof. Although Mrs. Camus was driving her vehicle at a speed slightly in excess-of the speed limit, it is our further conclusion that the speed thereof, being slightly in excess of the speed limit, was not a causal factor in the collision, and, therefore,, she was not guilty of negligence.
The judgment will, therefore, be affirmed insofar as it rejects the demands of plaintiff and the judgment from which appealed will be reversed insofar as it rejects the demands of the Globe Indemnity Company as plaintiff in reconvention, and it is now ordered that there be judgment in favor of defendant, Globe Indemnity Company,, and against plaintiff, Carl B. Weidner, for the full sum of Two Hundred Fifty-Six and 25/100 ($256.25) Dollars, together with legal interest thereon from date of judicial demand.' It is further ordered that appellant pay all costs of this suit, including cost of appeal.