99 So.2d 382 (1957)
Hazel Carr WARREN, Plaintiff-Appellant,
v.
FIDELITY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 4536.
Court of Appeal of Louisiana, First Circuit.
December 23, 1957.
*383 Roger Fritchie, Baton Rouge, for appellant.
Huckabay & Wall, Baton Rouge, for appellee.
TATE, Judge.
This is a suit for personal injuries. Plaintiff appeals as inadequate the award to her below of $3,500. Defendant has answered the appeal.
Even though plaintiff's appeal was restricted to the quantum, nevertheless under Articles 592 and 888 of the Code of Practice the answer of the appellee may bring the whole judgment before us for review, as was done in this instance by its re-urging the plea of contributory negligence in its answer to the appeal. Alengi v. Hartford Acc. & Ind. Co., 183 La. 847, 165 So. 8; Milner v. Louisiana Public Utilities, La.App. 1 Cir., 1 So.2d 443. Defendant-appellee alternatively prays by said answer for a reduction in the award on the ground that the accident was not the proximate cause of a thrombophlebitis for which recovery was allowed.
The accident upon which this suit was based occurred on the afternoon of Sunday, May 2, 1954, on a country gravelled road. The Buick in which plaintiff Mrs. Warren and several other ladies had been riding developed brake trouble. Both it and the truck which drew up behind it to help were parked well to the side of the wide (30') roadway. Mrs. Warren and the truck driver were standing at the front of the Buick, the latter looking under the hood, when defendant's insured crashed into the rear of the truck bumping it forward so that it struck the Buick and caused this vehicle to lurch about three feet forward, striking Mrs. Warren's left knee with force.
Defendant's insured was driving at a grossly negligent rate of speed and lost control of his car as he passed over a pontoon bridge, causing the accident in question. Defendant's argument that Mrs. Warren, standing in a safe place at the time of the accident, was contributorily negligent in not being entirely off the roadway overlooks that "a person is not negligent for failing to anticipate that other persons will be negligent," Law v. Osterland, 198 La. 421, 3 So.2d 680, at page 683.
Mrs. Warren, a widow of approximately 60 years of age employed as a house mother of an LSU dormitory, suffered severe pain in her knee at the time of the accident. She reported the following day to Dr. Ashton Robins, who based upon the contusion of the knee and upon a diagnosis of degenerated arthritis therein activated by the impact in conjunction with Mrs. Warren's age and excess weight, testified that he informed her from the first that "I felt she would have a prolonged period of pain and discomfort, partial disability."
Dr. Robins saw plaintiff several times in May and June of 1954. Mrs. Warren then left for a long sea voyage of about 30 days to get off her feet to ease the pain and to recover.
On August 27, 1954, her condition was diagnosed by Dr. Charles McVea as a "deep vein thrombosis" or a thrombophlebitis caused by a blockage of the vein by the clotting of the blood therein. This caused a continuous aching pain in the leg, because of which he stated she could not walk even a block without a cramping pain in the leg.
To at least partially relieve this condition, a lumbar sympathetomy was performed on Mrs. Warren on December 28, 1954, which involved cutting the sympathetic nerves along her spinal column in the lumbar region in order to cause the arterial vessels to relax and thus to increase the blood *384 supply to her leg, lack of which was a cause of her pain therein.
As a result of the operation, both Dr. McVea and Mrs. Warren felt there had been appreciable improvement in her condition, although she still sustained some pain and discomfort upon prolonged walking or standing. At the time of the trial, Dr. McVea felt that she had reached maximum improvement and that the residual condition was permanent.
The medical evidence is virtually conclusive that the deep vein thrombosis resulted either from the trauma or from the subsequent inactivity when, because of the pain caused through the trauma, Mrs. Warren stayed off her feet on the sea voyage. In either event, defendant is liable for damages sustained by Mrs. Warren through the thrombophlebitis, since it was a proximate consequence of the accident caused through the negligence of defendant's insured, both the trauma and the resulting inactivity being caused by the negligent injuring and the inactivity being a natural consequence of the trauma or naturally and reasonably induced by the earlier tort. Shaffer v. Southern Bell Telephone & Telegraph Co., 184 La. 158, 165 So. 651; Payton v. Great American Indem. Co., La.App. 2 Cir., 83 So.2d 575; Marks v. Highway Ins. Underwriters, La.App. 2 Cir., 51 So.2d 819 (syllabi 10, 11); 65 C.J.S. Negligence § 109; 25 C.J.S. Damages § 23, cf. § 20.
The District Court awarded Mrs. Warren $3,500 for her personal injuries based upon Cassar v. Mansfield Lbr. Co., La.App. 2 Cir., 35 So.2d 797, affirmed 215 La. 533, 41 So.2d 209. The injuries in that cited case do not appear to be as serious as those presently before us, nor to have left permanent residual effects. Even allowing for the great discretion of the trier of fact in awards for personal injuries and the variations between the individual circumstances of each case, there is a principle applicable herein that such awards should be made with some uniformity to those made for similar injuries. Duree v. State, La.App. 1 Cir., 96 So.2d 854, 863 (syllabi 17, 18); Crowther v. Fenstermaker, La.App. 1 Cir., 96 So.2d 91.
We feel that plaintiff correctly urges that the award should have been in accordance with the more recent and more similar cases of Kirby v. Great American Indem. Co., La.App. 1 Cir., 98 So.2d 277, Gillis v. Great Atlantic & Pacific Tea Co., La.App. 1 Cir., 95 So.2d 186, and Wainwright v. Globe Indem. Co., La.App. 2 Cir., 75 So.2d 554. Taking into account Mrs. Warren's increasing pain from the accident in May until the operation in December, the suffering and anxiety attendant upon the major surgery, and the residual which produces some pain upon prolonged use of her leg at the present, we think an award of Eight Thousand Dollars for her personal injuries will do substantial justice and is more uniform with the awards in the cited cases.
In denying the application for rehearing, our learned brother below stated that he felt plaintiff could not have suffered as much as she claimed because she did not see Dr. Robins between June 29th and August 24th, 1954, during part of which time she was on a sea voyage in order to stay off her feet and relieve the pain. This overlooks the plaintiff's testimony, corroborated by her physician, of the pain increasing during and after this interval. Her thrombophlebitis was diagnosed on August 27, 1954, following which until her operation plaintiff could not stand at any length without cramping pain. Thus, the greater portion of the severe pain was subsequent to this sea trip. Further, the trial court overlooked Dr. Robins' testimony that he had told plaintiff she could expect prolonged pain during this time because of activation of an arthritic condition, apparently in reliance upon which diagnosis and prognosis Mrs. Warren had suffered with her painful condition while she took the sea voyage in order to stay off her feet and rest and attempt to relieve the pain.
*385 The only special damages proven are the stipulated medical expenses of $802.25. Defendant's allegation that it is entitled to credit for the $650 of this amount paid under the medical payments clause of the liability insurer of the car in which Mrs. Warren was riding is contrary to the settled jurisprudence that the injured person may recover the full amount of his loss from the tortfeasor or his insurer even though the loss is partially or wholly made good by another insurer. De Roode v. Jahncke Service, Inc., La.App.Orl., 52 So.2d 736; cf., Duree v. State, La.App. 1 Cir., 96 So.2d 854; Distefano v. Delta Fire & Gas. Co., La.App. 1 Cir., 98 So.2d 310; see 25 C.J.S. Damages § 99.
For the above and foregoing reasons, the judgment of the trial court in favor of plaintiff is amended by increasing the total award to her to $8,802.25 together with legal interest thereupon from date of judicial demand until paid. As thus amended, it is affirmed in all other respects.
Amended and affirmed.