HERGET, Judge.
Defendant, Gulf Bottlers, Inc., appealed from a judgment in favor of plaintiff, Carlos N. Boatwright, against it (1) for $750 together with legal interest thereon and costs of the suit, and (2) for fixing the fee of Doctor F. J. Foster at $100 and taxing same as cost.
The gravamen of Plaintiff’s complaint is that he drank from a Pepsi-Cola bottle which contained a deleterious substance, a roach, and, in consequence, he sustained damages for which he prayed for judgment in the sum of $3,089 against Defendant.
The evidence reflects on January 17, 1962 Plaintiff, 64 years old, opened a bottle of Pepsi-Cola, drank one swallow, immediately detected a bad taste in the beverage, became nauseated therefrom and vomited, Despite the immediate vomiting his nausea continued and he suffered uncontrollable spasms of retching. To alleviate this condition of discomfort he visited Doctor F. J. Foster, a general practitioner in Bogalusa, Louisiana, who administered an injection. Plaintiff’s acute symptoms of nausea and dehydration ceased immediately upon such injection; however, Doctor Foster, in all precaution to rule out other possible causes for this acute condition — inasmuch as, unfortunately, diagnostic medical science has not advanced to the ideal state of exactness — admitted Plaintiff to the hospital to observe him for two days and ordered a urinalysis, blood count, electrocardiogram and gastro-intestinal series to remove from the realm of possibility Plaintiff might be suffering from a heart attack, from an infection, from ulcers or from stomach cancer, any of which could cause violent vomiting. These conservative measures taken by Doctor Foster enabled him to remove from doubt Plaintiff’s condition was caused other than by psychogenic reasons, and this action by the doctor was very commendable, and, fortunately for Plaintiff, the tests proved negative. Dr. Foster testified it was not a unique reaction for one to be physically affected by an offensive foreign matter in a bottle of beverage of which he had partaken and Plaintiff was visibly affected by this experience and his revulsion was real, while some individuals might imbibe therefrom without in any way being offended.
The evidence further reflects Plaintiff’s ivife, after detecting Plaintiff’s illness, observed a portion of a roach suspended in the Pepsi-Cola bottle from which Plaintiff had drunk the deleterious fluid and she immediately recapped the bottle, thereby preserving its contents. Upon Plaintiff’s visit to Doctor Foster, she apprised the doctor of Plaintiff’s unfortunate experience.
Counsel for Defendant makes no contention on appeal that Defendant is not liable for the injuries sustained by Plaintiff, Its appeal is predicated upon the contention the Court’s award of $750 to Plaintiff is excessive as is the $100 fixed as expert witness fee for the doctor. In support of this contention counsel refers to Ferguson v. Parr, La.App., 85 So.2d 117, wherein $150 *310 was awarded plaintiff who became mildly ill after drinking from a bottle containing a foreign substance, maintaining the factual picture presented therein is comparable to the case we arc here called upon to resolve. In our examination of the Ferguson case, rendered in 1955, plaintiff suffered a temporary, minor, acute nausea; whereas, in the case presently before us, Plaintiff, 64 years of age, suffered a severe attack of nausea, was required to remain in the hospital two days undergoing most unpleasant diagnostic procedures, and even on the date of the trial gave evidence of symptomatic nausea simply upon being reminded of the unpleasant experience.
Admittedly, determination of the value of a man’s life may be calculated by the use of longevity tables or his livelihood may be calculated on per annum monetary values for productive years and loss for medical expenses can be compensated in kind. Here, however, we are confronted with the problem of fixing a monetary award for damages predicated upon intangible, unmeasurable loss, occasioned by grief, anxiety or pain, the validity of which, in our opinion, is more apparent to the trial judge inasmuch as such condition is not depicted in the transcribed testimony but is observable to the discerning trial judge. In the case of Fortenberry v. Scogin, La.App., 149 So.2d 732, in a concurring opinion the author of this opinion made plain his views on the Manifest Error Doctrine. As it is difficult or nearly impossible to measure emotional disturbances other than by observation, we believe the Trial Judge to be in a more advantageous position to fairly and justly evaluate same from observation, and, as the record reflects such award was, and is, proper, we are in accord with the result reached.
Likewise, we are in accord with the judgment of the Trial Judge fixing the fee of the doctor who testified as an expert witness at $100.
Affirmed.