179 So.2d 467 (1965)
Edward SONNIER and his wife, Irene Bourg Sonnier, Plaintiffs and Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.
No. 1508.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
McBride & Brewster, by William H. McBride, Lafayette, for defendant-appellant.
Domengeaux & Wright, by Bob F. Wright, Lafayette, for plaintiff-appellee.
Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, for thirdparty defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. From an adverse judgment on the merits, defendant appeals.
The sole issue on appeal is the quantum of damages.
The facts show that on May 21, 1963, Mrs. Irene Sonnier was driving the Sonnier automobile when it was struck violently from the rear by an automobile driven by Robert Walker, which in turn had been struck by a vehicle owned by Eddie Ackal, and insured by defendant, State Farm *468 Mutual Automobile Insurance Company. Mrs. Sonnier suffered what is commonly called a "whiplash injury" to the neck. By June 3, she was suffering such headaches and pain in her neck that she was hospitalized and placed in traction. After 10 or 11 days in the hospital, she was released but wore a neck brace until about June 15. On June 24, 1963 she returned to her work as an office nurse for Dr. Chester Martin, but she continued to suffer severe periodic headaches and pain in the cervical region. Although these episodes of pain gradually diminished in frequency and severity, they were still occurring as of the date of the trial, 13 months after the accident, and the expert medical witnesses testified they would continue for several additional months at least.
Under these facts, the award of $3,500 to Mrs. Sonnier, for her physical injuries, was clearly within the range of the "much discretion" of the trial judge. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964).
The next issue concerns the medical expenses of Mrs. Sonnier. By coincidence, the defendant, State Farm Mutual Automobile Insurance Company, also carried liability insurance on the Sonnier vehicle. This policy provided for the payment of medical expenses to any person injured by accident while occupying the Sonnier automobile, regardless of fault. Under the medical payments clause of the Sonnier policy, State Farm paid $500 to Mr. Sonnier.
The defendant, State Farm, was also the liability insurer of the Ackal vehicle. Defendant contends that since it has already paid $500 of the medical expense under the Sonnier policy, it should be given credit for this amount as to any liability under the Ackal policy.
The most recent case on the subject is Gunter v. Lord, 242 La. 943, 140 So.2d 11 (1962). There, only one policy was involved. Plaintiff, a passenger in the insured vehicle, sought double recovery of medical expenses, i. e., recovery both under the medical payments clause, on the theory that this was a contractual obligation, and under the liability coverage, on the theory that this was a separate tort obligation. Our Supreme Court held, that construing the policy provisions as a whole, the intention of the insurer and the named insured was that medical payments would not be made under the contractual clause where such medical expense is also due by reason of the tortious conduct of the insured. Thus, the court held there could be no double recovery in the Gunter v. Lord situation.
The obvious distinction between Gunter v. Lord, supra, and the present case is that here two separate policies of insurance are involved. The medical payments were paid under the Sonnier policy and the tortious damages are sought under the Ackal policy. The Supreme Court noted this distinction in Gunter v. Lord. After holding that double recovery would not be allowed, where one policy is involved, the court concluded by saying:
"This is not to say, of course, that were the injured party wholly or partly indemnified for hospital or medical care by insurance effected and paid for by him or through some other source, and toward which the wrongdoer did not contribute, that the latter would benefit therefrom by a reduction of his damages in a suit by the injured party. Warren v. Fidelity Mutual Insurance Co. (La. Appeal), 99 So.2d 382; see 15 Am.Jur. 617, Damages, Sec. 201, and pocket part; and 13 A.L.R.2d 355."
We interpret this language to mean that where the injured party is wholly or partly indemnified for medical expense under a different policy of insurance, such as the one involved here, the insurer of the tort feasor cannot benefit therefrom, even though the insurer is the same in both policies. The reasoning of the court in *469 Gunter v. Lord is that the inducement to the insured, for taking medical payments coverage, is that he and his family, and any passengers in his automobile, will have a substantial amount of their medical expenses paid in the event of injury, regardless of fault. But, the court reasoned, the insured did not intend that these medical expenses be paid twice and, hence, if they are covered by the tort liability, they are not also covered by the medical payments clause.
It is apparent that this same reasoning would not apply in a situation where different policies with different named insureds are involved. Mr. Sonnier certainly intended that any person occupying his car would receive medical payments, regardless of fault. And Mr. Ackal intended that his full tort liability be paid.
The conclusion which defendant insurer asks us to reach in this case would have very far reaching effects. It would fly in the teeth of the established jurisprudence cited in the above quotation from Gunter v. Lord. It would mean that if the liability insurer, by coincidence, happened to also be the insurer under a life insurance policy, disability policy, property damage policy, or hospital and medical expense policy, etc., under which it was contractually obligated to pay any portion of the tort liability, then credit would be allowed. We do not think any such result was intended in Gunter v. Lord.
As regards hospital expense, the defendant also contends that an item of $36.25 for "cots, telephone and guest trays" in Mrs. Sonnier's room in the hospital should not have been allowed. We do not agree. These were expenses reasonably necessary and incidental to Mrs. Sonnier's stay in the hospital. The evidence shows that while Mrs. Sonnier was in traction someone had to stay with her and they, of course, needed a cot and meals. The telephone is not unreasonable.
Defendant also contends the award of $250 for loss of wages of Mrs. Sonnier was excessive. She testified her salary was $200 a month and she was off work beginning May 22, 1963 through June 23, 1963, a period of 32 days. The evidence does not show Mrs. Sonnier's exact working days or when she was paid, but what evidence is in the record does not justify an award of $250. We think this award should be reduced to $210.
Defendant also contests the award for property damages to the Sonnier automobile. The total cost of repairs was $409.30. The item in dispute is $62 for new parts to the old transmission which the mechanic first sought to repair. But the attempt failed and a new transmission had to be installed. This loss by plaintiff was necessary and incidental to the accident and must be paid by the defendant insurer.
For the reasons assigned, the judgment appealed is amended by reducing the award for loss of wages by Mrs. Sonnier from $250 to $210. Otherwise than as herein amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant
Amended and affirmed.