JANVIER, Judge.
The automobile collision from which this suit results occurred at an intersection at which there is a very unusual automobile parking situation which, to some extent, was the cause of this accident. Harrison Avenue is a very wide double driveway thoroughfare, the two roadways of which are separated by an extremely wide neutral ground which itself is divided by a lane from which automobiles park at an angle in both directions on the said neutral ground.
Because of the many commercial establishments, including two picture shows, within the area and particularly very near to the corner at which this accident occurred, this neutral ground is usually so covered with parked automobiles that the view across it is almost completely obstructed. General Diaz Street crosses Harrison Avenue at a right angle.
At about three o’clock in the afternoon of Saturday, December 15, 1956, Ryan J. Dauzat, in his automobile, was driving along one roadway of Harrison Avenue in an easterly direction towards City Park, of New Orleans. He had entered Harrison Avenue at Canal Boulevard, and, but for the accident, would have crossed the intersection of General Diaz Street. As he approached that intersection, to his left in the neutral ground, were at least two lines of parked automobiles. These cars extended to the edge of the neutral ground at General Diaz Street, so that the view to Dau-zat’s left was completely obstructed.
Mrs. Edgar M. Rehage, driving the family car in the opposite direction on the other roadway of Harrison Avenue, decided to turn to her left at General Diaz Street, and, after traversing the width of the neutral ground, to cross the other roadway of Harrison Avenue on which Dauzat was approaching. She executed this maneuver, and, just after the front end of her car had entered the roadway, it was struck on the right side by the Dauzat car and both cars were damaged.
Dauzat brought this suit against Mrs. Manell D. Rehage and her husband, Edgar M. Rehage, praying for judgment for $430.81, and alleging that the accident had been caused solely by fault on the part of Mrs. Rehage in not bringing her car to a stop before entering the roadway, and in entering without making certain that no vehicle was approaching from her right.
Defendants answered, denying that there was any fault on the part of Mrs. Rehage, and averring that the cause of the accident was fault on the part of Dauzat in operating his car at too high a rate of speed and in not bringing it to a stop before striking the Rehage car which he should have seen. In the alternative defendants alleged that Dauzat was at least guilty of contributory negligence. Rehage, then assuming the position of plaintiff in reconvention, averred that the cost of repairing his car amounted to $410.30, and prayed for judgment in reconvention for that amount against Dauzat.
There was judgment in favor of Dauzat against Rehage in the sum of $430.81, but dismissing the suit as against Mrs. Rehage. The reconventional demand of Rehage was dismissed.
The matter is before us on suspensive and devolutive appeal by Rehage.
There can be no doubt whatever of the negligence of Mrs. Rehage. She says that, as she turned to her left, she stopped in the neutral ground and looked towards her right and could see for 100 feet and that she saw no cars approaching from that direction. In a statement, which she made to a police officer who made an investigation of the accident, she said that she could not see to her right because of vehicles which were parked in the neutral ground and the officer says that she told him that one of these cars “had the hood up”. She also told the officer that when she entered *209 the other roadway, she did not see the Dauzat car approaching and in fact did not see it until it was “right on top of her.”
The only question which gives us any concern is whether or not Dauzat himself should be charged with contributory negligence. The record shows that, because of the moving picture houses and other commercial establishments, and because the accident occurred on a Saturday afternoon shortly before Christmas, there were a great many pedestrians and vehicles in the neighborhood, and it is argued that because of this Dauzat should not have operated his car at a speed of about 30 miles an hour, which he admits was the speed of the car as he approached the intersection. He says that, when his car was about two car lengths from the corner, he saw the Rehage car enter the roadway ahead of him, that he applied his brakes, and that after skidding about 25 feet, his car struck the side of the Rehage car. The police officer measured the skid marks which he said apparently had been made by the Dauzat car, and he found them to be 23 feet in length.
Surely Dauzat had no reason to anticipate that anyone would drive into the roadway ahead of him, since the neutral ground was quite wide and anyone attempting to cross would have been completely protected by that neutral ground.
Dauzat was justified in believing that, because of this, anyone attempting to cross would stop and make certain that there was no danger before entering the other roadway. There was no stop-sign at the corner, and, Harrison Avenue, being a double driveway thoroughfare, was the favored street.
Our conclusion is that Dauzat was not guilty of contributory negligence. The necessary result is that the judgment appealed from is affirmed.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.