140 So.2d 440 (1962)
Lynn J. BERGERON, Plaintiff-Appellee,
v.
Barbara L. HETHERWICK et al., Defendant-Appellants.
No. 5520.
Court of Appeal of Louisiana, First Circuit.
April 9, 1962.
Rehearing Denied May 16, 1962.
*441 Taylor, Porter, Brooks, Fuller & Phillips, by David Ellison, Jr., Baton Rouge, for appellants.
D'Amico & Curet, by Louis Curet, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
REID, Judge
This is a suit brought by Lynn J. Bergeron against Mrs. Barbara L. Hetherwick and her liability insurer, the North River Insurance Company for damages in the amount of $540.34 for damages to his automobile as a result of an automobile accident which occurred on September 16th, 1960 at the intersection of North Eighth Street and the northern, or west bound lane of North Boulevard in the City of Baton Rouge.
The plaintiff was driving a 1960 Chevrolet and the defendant, Mrs. Hetherwick, was driving a 1954 Chevrolet owned by her father, Harvey Lartigue, with his permission.
The plaintiff alleges that the damage was a result of negligent operation of the Lartigue vehicle by Mrs. Hetherwick in the following respects, to-wit:
A: She was negligent in failing to keep her vehicle under proper control.
B: She was negligent in driving too fast for the existing circumstances.
C: She was negligent in failing to stop in the neutral ground area which separates the northbound lanes of traffic from the southbound lanes of traffic on North Boulevard, even though there was ample space to stop the said vehicle in said neutral ground area.
D: She was negligent in proceeding directly out into North Boulevard, which is a highly traveled thoroughfare without first determining that it was safe to do so.
E: She was negligent in failing to yield the right of way to plaintiff.
F: She was negligent in failing to keep a proper look out and in failing to see plaintiff's vehicle approaching, or if she did see it, in failing to use proper care and to take proper steps to avoid the collision.
*442 G: She was guilty of further negligence contributing to the accident.
The defendant denies the allegations of negligence, admits that the North River Insurance Company was the public liability insurer of the Lartigue car, and further pleads that the sole and proximate cause of the accident was the negligence of Lynn J. Bergeron, the plaintiff, in the following respects:
(a) Lynn J. Bergeron failed to keep and maintain a proper lookout.
(b) Lynn J. Bergeron failed to keep and maintain proper control over the automobile he was driving.
(c) Lynn J. Bergeron was driving at an illegal and excessive rate of speed under existing highway and traffic conditions.
In the alternative appellant alleges that Lynn J. Bergeron was guilty of contributory negligence which was the proximate cause of the accident sued on, and is a bar to his recovery.
The case was tried and the trial judge rendered a decision from the Bench, dictating to the court reporter the said reasons in the record.
From this judgment the defendant prosecutes this appeal.
The facts show that the Bergeron car was proceeding west on the inside lane next to the neutral ground of the north, or west bound lane of North Boulevard. North Boulevard is a wide avenue with two lanes of traffic on each side of a wide neutral ground in the middle. The width of both of the north side lanes, or west bound lanes together was 29 feet.
Mr. Bergeron had come down the expressway to North Boulevard and then turned right. Mrs. Hetherwick had turned left on the south side lane, or east bound lane, from Fourth Street and proceeded to Eighth Street where she turned left, going to pick up a child at the Presbyterian Church School, on the northwest corner of North Boulevard, and North Eighth Street. Before proceeding across the west bound lane of North Boulevard she came to a complete stop within the neutral ground. She looked to the right, but did not see a car coming and then proceeded out into the intersection at a rate of about 5 miles an hour. She stated that she did not see the Bergeron car until a split second before the impact.
The defendant testified that he was traveling in a westerly direction on the inside lane of the west bound traffic lane on North Boulevard and that a Cadillac car was going in the same direction right abreast of him. He saw the Hetherwick car just before it turned into the neutral ground and he had approached to within 75 or 100 feet of the intersection when he noticed that the Hetherwick car was proceeding into the intersection.
He stated that he applied his brakes and just before he applied his brakes he heard the driver of the Cadillac apply his brakes.
He skidded some 50 feet and struck the Hetherwick car on its right side about the back end of the door. He skidded some 12 feet further along the street before he came to a stop. The Hetherwick car almost turned around, and was heading in a southeasterly-northwesterly direction. The Cadillac stopped in time to let the Hetherwick car pass. Mrs. Hetherwick had a lady friend in the car with her at the time of the accident. The City Policeman, Officer Kirkpatrick, measured the length of the skid marks, which were 50 feet, and testified that the point of impact was 14 feet east of the west parallel line on North Eighth Street, and 12 feet west of the east parallel line of North Eighth Street, and it was 18 feet south of the north line of North Boulevard in the southernmost west bound lane.
The speed limit on that street is 30 miles an hour and North Boulevard is a favored, or right of way street. Mr. Bergeron testified that he was going somewhere between *443 30 and 35 miles an hour, although in his statement to the police he estimated his speed at 37 miles per hour.
The parties stipulated that the amount of property damage would be $540.34.
The appellants in their brief conceded that Mrs. Hetherwick was guilty of negligence in having failed to keep a proper look out, but argued that the trial judge was in error in concluding that this negligence was the sole cause of the accident and that the negligence of the plaintiff was not at least a contributory cause of same.
The appellant set up the following specifications of error, to-wit:
1. The trial judge was in error in holding that Barbara L. Hetherwick was guilty of negligence which was the sole and proximate cause of the accident.
2. The trial judge erroneously concluded that Lynn J. Bergeron was free of negligence which was a proximate cause of the accident.
3. The trial judge was in error in concluding that the illegal and excessive rate of speed at which Bergeron was driving immediately prior to the accident was not a proximate cause of the accident.
4. Although the trial judge admitted the written statement of Lynn J. Bergeron in evidence for purposes of impeachment, he was in error in admitting the statement subject to reservations, and in failing to consider the contents thereof in deciding the case.
The appellants' brief and main argument on the proposition that Bergeron was guilty of negligence was because his car and the Cadillac were traveling side by side at the same rate of speed, but the driver of the Cadillac had his car under control so that when he applied his brakes it stopped in time to avoid the collision, whereas, the Bergeron car did not. The appellants conclude from this that the driver of the Cadillac was keeping a proper look out and that if plaintiff had been keeping a proper look out he could have stopped his car in time to avoid the accident.
The appellant argues that according to the stop chart contained in Blashfield's Cyclopedia of Automobile Law and Practices, Vol. 9 C, Sec. 6237 at Page 413 thereof a driver proceeding at a speed of 30 miles per hour is able to bring his automobile to a complete stop within 73 feet after realizing the danger of collision. This 73 feet stopping distance includes a distance of 33 feet traveled by the vehicle after the driver realizes the danger and before he is able to apply his brakes, plus a braking distance of 40 feet. The same chart shows that an automobile proceeding at a speed of 40 miles per hour can be stopped in a total distance of 115 feet, to include a reaction distance of 71 feet. Appellant argues under this that had Bergeron been traveling at a speed of 30 miles an hour he could have stopped his vehicle in time to avoid the accident.
The appellees offered in evidence the Department of Public Safety Table and the Lawyers' Motor Vehicle Chart regarding stopping distances.
This court in the case of Randall v. Baton Rouge Bus Company, La.App., 114 So.2d 98 used all three tables and compared the same. Under the Department of Public Safety Table the total stopping distance at 30 miles per hour is 79 feet, and the total stopping distance at 40 miles an hour is 126 feet. Under the Lawyers' Motor Vehicle Chart the stopping distance is 120.2 feet at 30 miles per hour and 205.5 feet at 40 miles per hour.
Appellants argued strenuously the fact that the plaintiff was proceeding at 37 miles per hour which was in excess of the speed limit of 30 miles per hour on that street, and that this excessive speed was the cause of the accident. The trial court found that while Mr. Bergeron was driving in excess of the speed limit that the excess of some seven, eight, or ten miles *444 an hour was not the proximate cause of the accident.
Our courts have consistently held that "a motorist on a right of way street has the right to think any driver approaching an intersection from a less favored street will observe the laws, will bring his car to a complete stop before entering the intersection and will not attempt to enter the intersection when it was obviously unsafe to do so." See Koob v. Cooperative Cab Company, 213 La. 903, 35 So.2d 849: Dauzat v. Rehage, La.App., 110 So.2d 207.
We feel that Mr. Bergeron proceeding on the right of way street had a right to assume that Mrs. Hetherwick approaching the intersection from a less favored street would stop before entering the intersection and would not attempt to cross in face of traffic. While Mrs. Hetherwick states that she stopped three or four feet south of the south line of the west bound traffic lane and did not see the car; she further testified that there was a dip on North Boulevard which could have prevented her from seeing the car, and also that the Bergeron car was white which likewise interfered with her seeing the same. We do not feel that this is sufficient excuse for her not seeing what she should have seen and not keeping a more careful look out. She could have driven up closer to the south line, of the west bound lane on North Boulevard and had a better view. In addition, Mr. Bergeron testified, and there was no evidence to the contrary other than Mrs. Hetherwick's statement, that his car was black.
Assuming that Mr. Bergeron was traveling at a slightly excessive rate of speed our courts have held that an excessive speed that had no causal connection with the accident in question does not constitute contributory negligence. (Vernaci v. Columbia Casualty Company, La.App., 71 So.2d 417; Weidner v. Globe Indemnity Co., 98 So.2d 566; Levy v. St. Paul Mercury Indemnity Co., La.App., 124 So.2d 143).
Appellant further complains that although the trial judge admitted the written statement of Lynn J. Bergeron to an insurance adjuster he was in error in failing to consider the content thereof in deciding the case. In this statement Bergeron stated that he was driving at "about 37 miles, I guess"; further that he was looking straight ahead and not to the left or he would have seen her sooner. We find in the trial judge's reasons for judgment that he did give consideration to the item of "37 miles per hour" but stated that this was not the proximate cause of the accident. The statement further states that he heard Mrs. Hetherwick say that she knew she should have stopped. Inasmuch as the statement guesses as to the speed of 37 miles per hour this is an approximation and it is in no way an impeachment of testimony, as to his rate of speed. The statement that he was looking straight ahead and not looking to his left, or he would have seen her sooner does not impeach the fact that he in his testimony stated that in looking straight ahead he saw Mrs. Hetherwick turn into the neutral ground on North Eighth Street between the two traffic lanes on North Boulevard and got within 75 or 100 feet of the intersection before he realized she was not going to stop. Mrs. Hetherwick did not produce her companion who was in the car with her, nor give any explanation as to why her testimony could not be obtained. From this it would be presumed that she would have been a hostile witness.
Counsel for the Appellant argues in his brief that the case of Henderson v. Central Mutual Insurance Co., 111 So.2d 351 (modified) 238 La. 250, 115 So.2d 339 is controlling of the issue in this case, a citation of which case is as follows:
"Where driver of an automobile on a favored street, if she had been diligent, *445 observant and alert, would have seen an automobile approaching on an unfavored street in time to have slowed her automobile or stopped it and thereby avoided a collision with such automobile, her negligence in such respect constituted a proximate cause of the accident, even though comparatively her negligence was not as great as that of motorist on the unfavored street who ran a stop sign and entered the intersection without keeping or maintaining a proper lookout."
However, the Supreme Court in 115 So. 2d 339 did not modify the decision but reversed it insofar as the liability of the driver on the favored street was concerned.
The issues in this case are mainly factual and the findings of the trial judge should not be disturbed unless clearly erroneous. We fail to see where the decision of the lower court is clearly erroneous and accordingly affirm the judgment of same.
Affirmed.