HALL, Judge pro tem.
Plaintiff sued R. J. Falconnier and his liability insurer for $12,776.36 damages for personal injuries, special damages in connection therewith, and for property damage arising out of an automobile accident which occurred on November 28, 1959. The defendants answered, denying any negligence on Falconnier’s part and in the alternative plead contributory negligence on the part of the plaintiff.
After trial on the merits the District Judge, being of the opinion that plaintiff had not sustained the burden of proving negligence on the part of Falconnier, rendered judgment in favor of the defendants dismissing plaintiff’s demands. Plaintiff appealed.
The accident occurred on the Air-Line Highway in Jefferson Parish at a point where the highway is intersected by a gravel street or road called Guiffria Street. The highway in this vicinity consists of six traffic lanes (three for northbound and three for southbound traffic) divided by a neutral ground three or four feet wide. At the point where the highway crosses Guiffria Street there is the usual paved opening through the neutral ground permitting traffic to pass from one side of the highway to the other. There were no traffic lights or signs or other traffic controls at the intersection.
Just prior to the accident plaintiff and Falconnier (hereinafter referred to as the “defendant”) were driving their respective automobiles in a northerly direction on the highway. Both were proceeding in the extreme left traffic lane next to the neutral ground, the defendant following behind plaintiff.
At the intersection of Guiffria Street plaintiff attempted to make a left turn through tile opening in the neutral ground but was forced to come to a stop to allow traffic on the southbound side of the highway to pass in front of him. He stopped his car on a 45 degree angle with its front in the neutral ground, but on account of the narrowness of the neutral ground the rear four or five feet of his car projected out into the northbound lane on which he had been travelling. Defendant’s car collided with the left rear of plaintiff’s car causing it to move forward through the neutral ground into the other side of the highway where it was immediately struck on the right side by a southbound vehicle. Both plaintiff and defendant sustained personal injuries and damage to their automobiles. Defendant did not reconvene.
*659 The record contains considerable and detailed testimony relative to the damages sustained by plaintiff but extremely little relating to the accident itself.
Plaintiff testified very briefly as to the facts relative thereto. Defendant’s testimony, equally brief, was taken by deposition. Theirs is the only testimony relative to the accident.
Plaintiff, after having described his attempted left turn, and the fact that he stopped his car with its front in the neutral ground and its rear in the northbound traffic lane waiting for the southbound traffic to clear, testified as follows:
“Q. Prior to making your turn did you determine if anyone was behind you or anything?
“A. I did, and then -I put my signal light on and stopped and I was watching traffic coming down the highway, and I was waiting for it to clear when I received this jolt and was involved in an accident.”
Plaintiff further testified that he was stopped at least thirty seconds before he was hit — that it may have been as much as a minute.
The foregoing is all that plaintiff had to say regarding the facts of the accident.
The defendant’s testimony is to the effect that the accident happened between 6 and 6:30 P.M.; that the traffic on all three northbound lanes of the highway was travelling “bumper to bumper”, with only 15 or 20 feet intervals between cars; that he was caught in the stream of traffic which was proceeding steadily at 30 to 35 miles per hour; that he was following plaintiff’s car in the same lane; that he 'did not see plaintiff give any blinker or hand signal; that when he saw plaintiff’s car turn and stop he immediately applied his brakes but couldn’t avoid hitting it; that he could not swerve to the right on account of the traffic.
That is the sum and substance of defendant’s testimony.
Plaintiff’s testimony and that of defendant is essentially contradictory and there are no physical facts shown which would tend to corroborate the testimony of either. Plaintiff states that he was stopped at least thirty seconds before he was hit, which is an impossibility if defendant was closely following him. He states that he put on his left-turn blinker light — defendant says he saw no signals whatever. At what point he put on his blinker light, if indeed he did, is undisclosed. At what point he commenced slowing to make the turn is likewise undisclosed. If he gradually slowed for the turn, the defendant, who did not slacken speed would have run into him sooner.
When an accident occurs as a left hand turn is being made by a motorist, the burden rests heavily on such motorist to explain how the accident occurred and to show that he was free from negligence. Codifer v. Occhipinti, La.App., 57 So.2d 697; Hayes v. Karsh, La.App., 138 So.2d 825; Johnson v. Shreveport Transit Company, La.App., 137 So.2d 463; Washington Fire & Marine Insurance Company v. Fireman’s Insurance Company, 232 La. 379, 94 So.2d 295.
While it may be argued that the defendant was following plaintiff’s car too closely, the defendant had a right to assume that plaintiff would obey the law of the road and give a timely warning before turning. We cannot hold on the basis of the proof presented here that defendant’s action in following too closely was the proximate cause of the accident.
We agree with the District Court that plaintiff has failed to prove actionable negligence on the part of the defendant.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.