YARRUT, Judge.
Plaintiffs seek recovery in the total sum of $88,190.00, plus interest and costs, individually and on behalf of their minor children, for personal injuries, pain and suffering, loss of earnings and medical expenses, past and future. The basis of the claim is damages suffered in a collision at the intersection of Loyola and Tulane Avenues, New Orleans, on October 21, 1962, about 10:15 p. m., between an automobile driven by Curtis Guy, in which Plaintiffs were guests, and one driven by Defendant Creuzot, Jr., whose Co-Defendant is his casualty insurer.
Both vehicles were on Loyola travelling uptown when, after crossing the north roadway of Tulane, Curtis Guy, in attempting a left turn into the uptown roadway of Tulane, collided with Defendant Creuzot’s vehicle, to his left. Defendant insurer filed a third-party action against Curtis Guy.
While Plaintiffs and Defendants mutually charge each other with excessive speed, failure to keep a proper lookout, and improper attempt to cross the lane of the other, the decisive issue hinges on which vehicle was moving in the left or neutral lane of Loyola when Curtis Guy attempted his left turn into Tulane. Did Creuzot crash into Guy’s rear, or did Guy cross from the center lane of Loyola across Creu-zot’s path without warning and when it was. unsafe to do so ?
Both Loyola and Tulane Avenues are main, paved thoroughfares, with two roadways, separated by elevated, grassed, neutral grounds. Loyola runs approximately north and south and Tulane east and west.
The district judge rendered judgment in favor of Plaintiffs and against Defendants, in solido, as follows:
The minor, Evelyn E. Guy, $25.00 medical bill, $200.00 pain and suffering, plus interest.
Mrs. Bertha Guy, individually, $30.00' doctor bills, $20.00 X-rays and $500.00' pain and suffering.
Gloria Payne, $50.00 medical, $40.00 X-rays, $500.00 pain and suffering.
Larry Myles, $30.00 doctor bills, $20.00' X-rays, $250.00 pain and suffering.
Third-party action against Curtis Guy was. dismissed.
*535 Defendants alone appealed; -with no answer by Plaintiffs for an increase in the award.
The testimony is conflicting as to which vehicle was in the left or neutral-ground lane of Loyola while crossing Tulane when Guy attempted his left turn into Tulane. There are some questionable circumstances. Guy’s vehicle with its passengers came from Bogalusa, where all live, to take one of the children to the Charity Hospital. The driver was evidently confused as to the location of ' the hospital. He' should have turned right, rather than left, into Tulane. Defendants argue that Guy, in the center lane intending to turn right, which would have been proper to reach the hospital, suddenly decided it was the wrong direction, and turned left across the path of Creuzot’s car, the latter contacting Guy’s car on the left side, near the center, indicating it was no rear-end collision as contended by Plaintiffs. Guy was not put on the stand by Plaintiff, though present in Court during the trial.
The mother of Curtis Guy (Mrs. Bertha Guy), sitting on the front seat with her son, gave conflicting and contradictory testimony, but was consistent in her testimony that Curtis Guy, in his maneuver to turn left, made a wide sweep from the center lane across the path of Creuzot’s car in the intersection. Guy did not complete his left turn but, after the collision, continued up Loyola, made a U-turn, and returned to the scene.
The following is typical of Mrs. Guy’s testimony:
“Q. Now, how far did you get beyond that neutral ground when the collision took place?
“A. How far?
“Q. Yes.
“A. Well, I just can’t say. Can I give you approximately how far it was? He was making a wide turn. He was just about middle-ways and there was a space in between, I would say this way (indicating) and around and there was an open space between he and the neutral ground enough for this Creuzot to try to make his turn in there, too, and that is what happened right in the center of the neutral ground.
“Q. Was your car still in the left-hand lane next to the neutral ground on an angle?
“A. It wasn’t at the neutral ground; there was a space between the neutral ground. As I say, he was making a wide turn.
* * * ' ' * *
“Q. But it was mostly in that left-hand lane that you had been in before the accident?
“A. Not too close to the left-hand lane — not too close. It was wide. He was making a left turn all right, but it was a wide one and Mr. Creuzot was coming between he and this neutral ground, what I would say, and it wasn’t enough space and that is why we collided.”
There is no doubt that Curtis Guy was guilty of negligence in suddenly attempting to cross the path of Creuzot’s car to make his left turn into Tulane Avenue when it was unsafe to do so. The failure to take Guy’s testimony creates a presumption against Plaintiffs that his testimony would have been unfavorable to them. Frey v. DiMaggio, La.App., 153 So.2d 571; Crane v. London, La.App., 152 So.2d 631; U. S. Fidelity & Guaranty Co. v. Bergeron, La.App., 148 So.2d 162; Mentz v. Falconnier, La.App., 144 So.2d 657; Grayson v. Allstate Insurance Company, La.App., 141 So.2d 101; Bergeron v. Hetherwick, La.App., 140 So.2d 440; Guillory v. De Torre, La.App., 99 So.2d 378.
We are unable to agree with the finding of the district court that Creuzot *536 was guilty of any negligence, however slight, that would make him and his insurer liable to the guest passengers in Curtis Guy’s car. Creuzot was travelling straight in his lane at the time of the accident. The law imposed no duty on him to anticipate that another vehicle, in attempting to turn, would suddenly turn into his path. The trial judge held Creuzot negligent for not seeing the Guy car. As long as Creuzot was travelling in a straight line, he had no legal duty to observe cars on the side of him. Guy, not Creuzot, attempted the turn; therefore the burden of watchfulness and care was on Guy.
The judgment of the district court is reversed and judgment rendered in favor of Defendants dismissing Plaintiffs’ suit without cost to Plaintiffs, since they were allowed to sue in forma pauperis, LSA-C.C.P. art. 2164; Defendants to pay their own taxable costs in both courts.
Judgment reversed.