169 So.2d 757 (1964)
Freemont LAUNEY, Sr., Individually, etc., Plaintiff-Appellant,
v.
TRADERS AND GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 1296.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1964.
Rehearing Denied December 22, 1964.
*759 Tate & Tate, by Paul C. Tate, Mamou, and Fusilier, Pucheu & Soileau, by L. O. Fusilier, Ville Platte, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John G. Torian, II, Lafayette, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
Freemont Launey, Jr., a minor, was injured in a collision while riding as a passenger in an automobile owned and driven by Rene Guillory. Young Launey's father brings this suit against Guillory's liability insurer to recover for the minor's personal injuries and for other damages thereby sustained.
The trial court dismissed the suit upon a holding that Guillory was not negligent. The plaintiff appeals. The issues of the appeal are essentially factual.
Admissibility of photographs.
Preliminarily, both counsel have asked us to rule on the admissibility of certain photographs of young Launey soon after the accident, indicating the scarred and torn up condition of his face. Three of the pictures were identified by young Launey as being pictures of himself truly depicting his condition at the time taken, and two of them were identified by testimony of the attending physician to the same effect. Counsel for the defendant objects to the admission of these photographs on the ground that they were not first identified by the photographer by whom taken, in order to eliminate possibilities of technical retouching or distortion.
The general rule is that photographs are admissible only if verified or authenticated as accurate by extrinsic evidence and that the trial court has some discretion in determining the sufficiency of the preliminary proofs offered to identify or authenticate the photograph. 32 C.J.S. Evidence §§ 715, 716, pp. 1006, 1018; 20 Am.Jur. "Evidence", Section 730 (p. 609.) As these encyclopedia references also show, this authenticating evidence must be to the effect that the photograph is a substantially true and faithful representation of the place, person, or subject which it purports to portray. See Fuqua v. Martin, La.App. 2 Cir., 40 So.2d 404; cf., Greeves v. S. H. Kress & Co., La.App.Orl., 198 So. 171. If the photograph is not substantially correct but is nevertheless admissible because sufficiently correct to be helpful, its verification may consist of explaining the inaccuracies. 32 C.J.S. Evidence § 715 at pp. 1012-1013; 20 Am.Jur. "Evidence", Sections 730-734 at pp. 609-613; Annotation, PhotographsAuthentication, 9 A. L.R.2d 899. See also Annotation, EvidencePhotographs and Photostats, 72 A.L.R.2d 308.
In the authentication, "The photograph may be verified by oath of the photographer who took it; and, indeed, it has been said that this is the better practice. However, it is not necessary to produce the photographer; sufficient verification may be furnished by the testimony of any competent witness who has sufficient knowledge to testify that the photograph fairly represents what it purports to represent." 32 C.J.S. Evidence § 715 at p. 1014. Or, as stated at 20 Am.Jur. "Evidence", Section 730 at p. 610, "The authenticity of a photograph may be established by any witness who is familiar with the scene, object, or person portrayed or is competent to speak from personal observation. *760 Thus, proof of the accuracy of a photograph of a person may be made by the testimony of one who was familiar with the appearance of the person at the time the photograph was taken." Cf., State v. Goins, 232 La. 238, 94 So.2d 244, syllabus 5. See also Annotation, 9 A.L.R.2d 899 (cited above) at Section 12, p. 923.
Likewise, photographs may be admitted to prove the physical condition of a person at a particular time, where such evidence is relevant. 32 C.J.S. Evidence § 711, p. 993; 20 Am.Jur. "Evidence", Section 732 (p. 611).
The present photographs, being identified as accurate representations of young Launey's appearance at the time taken, are therefore admissible for the purpose of demonstrating the nature of his initial facial injuries. If the defendant felt that there were distortions despite the authenticating evidence, it was open to the defendant to produce testimony to such effect from other witnesses or from the photographer himself, presumably being entitled to call the latter under cross-examination if the pictures had been made at the order of the plaintiff or his attorney, LSA-C.C.P. Art. 1634.
The merits.
As to the merits of the case, the defendant's insured Guillory was driving his car through a hospital zone in Ville Platte. Young Launey was riding as a passenger in it. The evidence is uncontradicted that the car was being driven in its own lane and at a safe speed when it hit an automobile coming from the opposite direction which was slightly in the Guillory lane, causing the vehicles to collide at the left headlight of each. Neither party produced the testimony of the other vehicle's driver to explain his presence in the Guillory lane.
Able counsel for the plaintiff contends that, since the defendant's driver did not see how the accident happened (actually, he did not remember due to traumatic amnesia concerning the immediate events of the accident), the plaintiff has established a prima facie case that the defendant's driver negligently struck something in his path, causing the plaintiff's injuries. The plaintiff claims that therefore the defendant has the burden of exculpating its driver from causal negligence due to lack of adequate lookout to avoid colliding with an object in his path, or due to failure to avoid the accident by sounding his horn or swerving or blinking his lights to warn the oncoming driver.
The short answer to these contentions is that the evidence preponderantly shows that the other driver turned suddenly in Guillory's path when the vehicles were a very short distance apart, and that the accident immediately ensued before Guillory could reasonably have been able to take evasive action. This was largely provided by the testimony of a driver following Guillory, and it is somewhat corroborated by the uncontradicted circumstance that Guillory and young Launey both suddenly shouted a moment before the accident. Although plaintiff attacks the opportunity for accurate observation of this following driver, this is largely an attack on the evaluation of credibility, which is primarily within the province of the trier of fact; and we find no error in the trial court's having accepted this testimony as accurate.
Under these facts, therefore, the defendant's driver Guillory was not under any duty to observe minutely cars approaching normally towards him in the other lane in the event they should suddenly violate his own traffic lane, nor was he negligent in failing to anticipate that the oncoming driver would turn suddenly into his path. Myles v. Creuzot, La.App. 4 Cir., 166 So.2d 533. The trial court correctly held Guillory to be free of negligence *761 contributing to the accident in which the plaintiff suffered his injuries.
Decree.
For the foregoing reasons, we affirm the trial court's dismissal of the plaintiff's suit. The costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.