YARRUT, Judge.
This suit arises out of a collision between an automobile, driven by Mrs. Henry L. Oulliber, and one driven by Defendant, which occurred at the intersection of Williams Boulevard and Airline Highway in Kenner, Louisiana, on December 30, 1963 about 6:30 P.M. Plaintiff, Mrs. Oulliber’s subrogated insurer, seeks to recover property damage to Mrs. Oulliber’s automobile.
Judgment was first rendered for Plaintiff. Then the Trial Judge granted a new trial for re-argument, limited to the question of what effect, if any, should be given to Plaintiff’s failure to call as a witness (Mrs. Oulliber’s sister) who was her guest passenger. After the new trial, the original judgment was annulled, and judgment rendered for Defendant, from which Plaintiff has taken this appeal.
The cause of the accident, given respectively by Mrs. Oulliber and Defendant, are diametrically opposed. Mrs. Oul-liber testified she was proceeding south on Williams Boulevard, on her way to take her niece to Moisant Airport; and that she was stopped in the right-hand lane for a red light when the car, driven by Defendant, ran into the rear of her automobile.
Defendant, on the other hand, testified that both cars were driving in the left-hand lane attempting to make a left turn; that the light was green when Mrs. Oulliber made a sudden stop in the intersection; that he ran into the rear of her car, knocking it forward about seven feet, causing only a minimal amount of damage to her bumper; and that, after this light impact, Mrs. Oulliber put her car into reverse and crashed into his car, causing the bulk of the damage to both vehicles.
The only other person who testified at the trial was the investigating officer who neither witnessed the accident nor had any independent recollection of it. His report *73 substantiated Mrs. Oulliber’s version of the accident. The officer said he “must have” spoken to the Defendant, which Defendant denied.
The officer also noted in his report that Defendant was intoxicated. Defendant also denied this, and testified that, although he was taken to jail, he was never locked up; that he was set free and his license returned to him.
The sole question before us is whether or not Plaintiff’s failure to call Mrs. Oul-liber’s sister raises the presumption that her sister’s testimony would have been unfavorable, and that this presumption results in a failure of Plaintiff to sustain the burden of proof.
Mrs. Oulliber testified that her sister, Mrs. Louise Fontana, was a passenger in her automobile and that she lives here in New Orleans. No explanation was offered as to why she was not called as a witness. It has been held that a party’s failure to call an eyewitness or a passenger who was in the vehicle at the time of the accident, without any explanation, gives rise to the presumption that such person would not have substantiated such party’s testimony, and that the testimony would have been unfavorable to that party’s contentions. Bergeron v. Hetherwick, La.App., 140 So.2d 440; Potomac Ins. Co. v. City of Alexandria, La.App., 66 So.2d 22; Grayson v. Allstate Insurance Company, La.App., 141 So.2d 101; Myles v. Creuzot, La.App., 166 So.2d 533. There is an additional factor in this case, namely, that Mrs. Fontana is a sister of Mrs. Oulliber, and that Plaintiff’s failure to call this close relative of its insured, strengthens the above presumption.
In reversing his original decision, the Trial Judge gave the following reasons:
“After considering the argument and memoranda of counsel, the Court is now of the opinion that the plaintiff has failed to bear the burden of proof by a preponderance of available evidence necessary to sustain its right to the judgment which it seeks.
“The preponderance of evidence is not determined solely by the number of witnesses, but also includes the probative value of their testimony based upon the knowledge and information possessed by each of them, of the subject matter before the Court.
“Under the jurisprudence of this state, a litigant is not obligated to present every known fact witnessed in order to fulfill the requirement of bearing the burden of proof by a preponderance of evidence. It is only necessary that certain of the witnesses testify to corroborate or substantiate the testimony of the party on whose behalf they appear. They should be sufficient in number, credibility and knowledge to warrant the Court concluding the facts to be as urged by the proponent. The converse is also true, when none of the known available witnesses are presented, the litigant has failed to establish his right by a preponderance of evidence.
“The necessity for the plaintiff to submit the testimony of the guest passenger became even more mandatory, in view of the fact that the evidence adduced on the trial consisted almost exclusively of the contradictory statements of the drivers of the respective vehicles. Her testimony could have been decisive in resolving this conflict. It must therefore be concluded that the failure to do so, produced the legal consequence of failing to sustain the burden of proof required to constitute a preponderance of the evidence.”
Under all the circumstances, we agree with the Trial Judge. Therefore, the judgment appealed from is affirmed; Plaintiff to pay aü costs in both courts.
Judgment affirmed.