EDWARDS, Judge.
Travelers Indemnity Company appeals from a money judgment rendered against it under the uninsured motorist provision of an automobile insurance policy.
The only issue presented is quantum; Travelers contends it is excessive.
On August 23, 1975, Herbert K. Smith, his wife Mary Delores Smith, and her minor children Jacquelin, Christine, Melissa, Howard Jr., and Annastasia Smith were involved in an automobile accident with a vehicle operated by McKinley McDonald.
It is conceded that McDonald’s negligence was the sole cause of this accident — he hit the Smiths virtually head-on in the Smiths’ lane of travel.
The amount of the judgment exceeded McDonald’s available liability limits and Travelers is present here as McDonald was underinsured. McDonald’s liability insurer, Early American Insurance Co., of Montgomery, Alabama has paid the available limits of its policy plus interest and all costs and has not appealed.
The plaintiffs have answered the appeal seeking an increase in damages for the personal injuries sustained by Mr. Smith, Mrs. Smith and one of the children, Christine; and also for damages for a frivolous appeal.
For the following reasons, we affirm.
Our examination of the record, as well as the authorities relied upon by counsel, leads us to the conclusion that there is sufficient evidence for the trial court’s assessment of quantum. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In addition to the special damages awarded to Mr. Smith both on his behalf and on behalf of his wife, the trial court awarded Mr. Smith $12,000.00 general damages. Travelers argues in brief this amount should be reduced to the $2,000.00 to $4,500.00 area. In brief, counsel for plaintiffs abandons his request for an increase in damages awarded to Mr. Smith and to Mrs. Smith individually, but argues for an increase in the damages awarded to Mrs. Smith as natural tutrix for Christine.
Counsel for plaintiffs argues that the damages awarded to Mr. Smith are in the “low range” of awards but are within the “much discretion” allowed the trial court.
Mr. Smith testified that he was 55 years old at the time of the accident, that his nose was injured such that he could not breathe through it, that he had 2 teeth broken, his left hand was badly cut and had to be sutured, he suffered broken ribs, toe injuries, and that at the time of the trial (May 19, 1976 — more than 9 months after the accident) he was having trouble keeping his nose open, and his chest area still hurt him.
The only medical evidence in the record is the deposition of Dr. Buford J. Autin general practitioner, and the testimony at trial of Dr. William Summerlin, dermatologist, as to Christine.
Dr. Autin deposed that he first saw Mr. Smith in the hospital the night of the accident, x-rays showed rib fractures on the right side, he found lacerations to the nose, contusions of the face, lacerations of the forearm and multiple other contusions.
Mr. Smith was released from the hospital after five days and then followed by the doctor through office visits.
Dr. Autin described his treatment of Mr. Smith during the following months, the pain that Mr. Smith continued to experience, the blockage of the nose, and Mr. Smith’s inability to work.
As of November 11, 1975, Dr. Autin began to feel that Mr. Smith was returning to normal, but in January 1976 he was still unable to breathe normally through his nose, and in January Dr. Autin also prescribed cortisone because of the various pains Mr. Smith was having.
Dr. Autin further deposed that January 27, 1976 was the last time he saw Mr. *399 Smith, but at that time he continued him on cortisone. He testified that he did not know of Mr. Smith’s present condition, but opined that he was still having trouble with his nose, and could possibly have minor chest pains or residual pain for months, but that generally he should be well healed.
In view of the foregoing we are unable to say the trial judge abused his discretion. Coco v. Winston Industries Inc., 341 So.2d 332 (La.1976).
Counsel for Travelers also argues that the dental bill of $40.00 should be disallowed as the dentist himself was not called by plaintiff. Mr. Smith testified as to the teeth and the visit to the dentist and the trial court apparently was satisfied in this regard. We do not view this as error.
Mrs. Smith was awarded $10,000.00 by the trial court for her personal injuries. She gave a history to Dr. Autin of having flown out of the car through the windshield.
Dr. Autin deposed that Mrs. Smith suffered injuries to the face, neck, chest, forearm, thigh and knee and also complained of being dizzy.
X-rays on the night of the accident were negative and she was sent home, but 2 days later Dr. Autin hospitalized her, mainly because of her complaints of severe headaches and weak spells. She remained in the hospital 3 days.
Dr. Autin deposed that he found a sprain of the sternal area, large abrasions on the lateral surface of the left thigh, left knee, and painful and swollen minor abrasions of all the extremities. He found her left forearm quite painful and swollen, and testified she complained of pain in the lumbar area, and that he found pain in the neck on movement.
His diagnosis was that she had a sprain of the cervical region, sprain of the lumbar area, contusions of the face, thigh and left knee. He did not find that she had a concussion or cerebral damage.
Dr. Autin testified as to his follow-up care of her as an out patient throughout September, October and. November, up to her last visit on November 11, 1975.
The trail judge verbally described the scars which were exhibited to him as 2lk to 3 inches on the thigh and another scar above the knee 1% to 2 inches in length.
We find no abuse of discretion in the trial judge’s award to Mrs. Smith. Coco, supra.
Additionally, Mrs. Smith testified as to her dental injuries and the dental bill was admitted without objection. Although the dentist did not testify, we do not find that it was error for the trial court to allow the dental bill as part of the items of special damages.
Dr. Autin deposed that he first saw Christine on September 2, 1975, that she had stitches in her lip, which he removed. She complained of pain in the upper abdomen and he found some minor contusions.
On September 9, he cauterized her lip because of a small area that had not healed, and although x-rays of the ankle were negative, he found it swollen. He placed her on antibiotics for a slight inflammation of her lip.
Dr. Autin, on September 16, paid attention to a 2Y2 X 1 inch scar on her right shoulder, and on November 24 it showed evidence of a keloid, which he defined as an unusually large scar. He thereupon referred her to a dermatologist for treatment. Dr. Autin described the scar as permanent.
Dr. William Summerlin, board certified dermatologist, testified at trial that he first saw Christine on December 22, 1975, at the request of Dr. Autin. He found the scar on her lateral right shoulder region tender and very elevated, with blood vessels across the surface.
He stated he did not treat the lip scar, but that because the shoulder scar was “so considerably enlarged” he elected to treat her rather vigorously with intralesional steroids, i. e. cortisone.
Dr. Summerlin testified at length concerning the painful method of injections via a dermajet injection, using air pressure as well as with conventional syringe injections. He characterized the treatment as “quite *400 painful” and testified she underwent this treatment 8 times.
At the time of trial Christine was still under his care.
During direct examination of Dr. Summerlin, counsel for plaintiff showed to him a photograph of the scar; but the trial court sustained defendants’ objection on the grounds that the witness had not taken the photograph and it was not otherwise properly identified. The photograph is in the record by way of proffer, however. Dr. Summerlin testified that the photograph fairly depicted the scar as it presently was. We think, under the circumstances, such was an adequate identification of the photograph that it should have been admitted into evidence. Launey v. Traders and General Insurance Co., 169 So.2d 757 (La.App. 3rd Cir. 1964).
In any event, the trial judge viewed the scar and dictated into the transcript his observations of it.
Under the circumstances we do not find that the trial judge abused his much discretion in awarding $10,500.00 general damages for Christine’s injuries. Coco, supra.
Dr. Summerlin testified that when Christine gets older corrective surgery may improve the look of the scar, and that the cost would range from $300.00 to $800.00. Under these circumstances, including $500.00 as an item of special damages was not error.
The awards of $400.00 and $600.00 respectively to the other minor children are clearly not an abuse of discretion.
We find nothing to support plaintiffs’ contention that this was a frivolous appeal.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.