GARRISON, Judge.
This is an appeal from a judgment of the district court granting plaintiffs damages in the amount of $750.00, plus legal interest and costs, for injury to their immovable property. In his judgment, the trial judge stated “.. . the Court is of the opinion that defendant Walden DeLatte’s contractor and/or agent was responsible for placing a portion if not all, of the debris on petitioner’s adjacent lot.” Prom that judgment which we affirm, defendant appeals.
In January 1977, plaintiffs purchased four lots, No. 25, 26, 27, and 28 of Square 54 in Harlem subdivision. At the time of purchase, the lots were free of debris. The contiguous property owner, Pascal Culotta, leased his property to Walden DeLatte in April, 1977. DeLatte had the leased property cleared and filled. Additionally, he erected a building on the land. In October of 1977, a large pile of debris appeared on plaintiff’s property. The debris pile includes two Volkswagons, a few trees, and a piece of large tin fencing, as well as other shrubbery and trash. In February of 1978, the plaintiffs sold the lots to Joseph Razi-ano. A condition of the sale was that the trash be removed from the property. To that end, $1,000.00 was placed in escrow in accordance with an agreement allowing plaintiffs 60 days to remove the debris or forfeit the money. As plaintiffs were unable to hire anyone to remove the pile, the money was forfeited to the buyer.
On February 28, 1978, the plaintiffs filed this action seeking to recover $1,000.00 from defendant. A subsequent amendment additionally alleged loss in property value in the amount of $7,500.00. DeLatte answered, bringing a third-party demand against Raziano. Defendant’s third-party demand was settled prior to trial. As plaintiffs failed to prove their case on the issue of loss in property value, the trial judge denied an award of $7,500.00.
On appeal, defendant-appellant seeks a reversal primarily on the facts presented at trial. Appellees neither seek to have the award increased to include loss of property value, nor to include the difference between the amount awarded and the escrowed amount, but rather they seek a simple affirmation.
At trial, DeLatte testified that he hired a bulldozer to clear his property. He said that he personally did not place the debris on plaintiff’s property and that his contractor told him that the bulldozed materials were buried on DeLatte’s property. Neither the contractor nor the operator of the bulldozer were produced at trial. Although there were no eyewitnesses able to testify as to who placed the debris on the plaintiff’s property, the trial judge apparently believed the inference raised by plaintiffs that DeLatte’s contractor bulldozed the pile onto plaintiff’s property.
As in most cases of factual review, this court must place great weight in the credibility determinations of the trial judge, who has the opportunity to observe the conduct and demeanor of the witness. Such great weight is given to the trier of fact that only when our independent review of the testimony and evidence presented convinces us that the trial judge was manifestly erroneous in his factual determinations are we at liberty to reverse those findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based upon our independent review of the record, we cannot conclude that the trial judge was manifestly erroneous in the instant appeal.
Civil Code Article 667, which was not affected by the 1977 revision of Title IV of Book II of the Civil Code, provides as follows:
“Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
In Hauck v. Brunet, 50 So.2d 495 (Orl.La. App., 1951) the court stated:
“Defendant’s attorney also advances the proposition that Montague was the independent contractor of Brunet, and maintains that under the law an owner is not ordinarily liable for the acts of an- inde *914 pendent contractor, and can only be said to be liable where the work itself is inherently dangerous or where inherently dangerous instrumentalities are used.
The best answer to this contention is that art. 667, R.C.C., emphatically enjoins a proprietor not to make any work on his estate which may be the cause of damages to his neighbor, and merely through the medium of an independent contractor, the proprietor cannot relieve himself from the nondelegable duty which he owes to his neighbor, and he is nonetheless liable for damages to his neighbor’s property,” (At 497-498).
The last specification of error to be addressed by this court is appellant’s contention that several exhibits were erroneously admitted into evidence. Exhibits Nos. 1-9 are photographs. At trial, counsel for the appellant objected to the introduction of the photos on the grounds that the photographer did not testify. This objection was overruled by the trial judge who allowed Robert Murphy to verify the photos. We conclude that the trial judge properly admitted the photographs into evidence under the rule of law discussed in Wallace v. Travelers Insurance Co., 195 So.2d 712 (La. App.1967):
“Our procedural rules require identification of photographs as a condition precedent to their admissibility in evidence. Generally, photographs are admissible only if verified or authenticated by extrinsic evidence. The trial court, however, is vested with some discretion in determining the sufficiency of preliminary proof of authenticity. Although the better practice dictates that a photograph be verified and authenticated by the photographer who took it, nevertheless, authentication may be accomplished by the testimony of anyone with sufficient knowledge to aver that the picture fairly represents the subject matter it purports to portray. Launey v. Traders and General Insurance Company, La.App., 169 So.2d 757, and cases therein cited.” (at 718).
Counsel for appellant failed to object to the introduction of Exhibit Nos. 10 and 12. Objections not made at trial may not be raised for the first time on appeal.
Exhibit No. 11 is photocopy of a letter to Robert Burns, the attorney who held the escrow account, from Edward Keiler, counsel representing the buyer, Joseph Raziano. The letter informed Mr. Burns that the buyer had waited the required 60 days, that the vendors had failed to remove the debris within that time period, and that he demanded that the funds held in escrow be released to him. Contained within the body of the letter is the following paragraph to which appellant objects on the grounds of hearsay:
“Attached is the only written estimate which Mr. Raziano has been able to obtain other (sic) verbal estimates have exceeded the $1,116.00 price of Johnston”.
As neither Burns nor Keiler were produced to verify the photocopy, appellant additionally contends that the letter is inadmissible under the “Original Document” rule, more popularly known as the “Best Evidence” rule.
We agree with appellant that the trial judge erred in admitting Exhibit No. 11 into evidence. We find, however, that the trial judge’s ruling is harmless error as it would not have affected the outcome of this judge’s trial. Both parties have admitted that $1,000.00 was in the escrow account and that the escrow account was released to Raziano.
For the reasons discussed, the judgment of the trial court is affirmed.

AFFIRMED.

REDMANN, J., dissents and assigns reasons.