MOTION TO STRIKE
WATSON, Judge.
The plaintiff-appellant, Andrew J. Monk, Jr., moves to strike the answer to the appeal filed by the defendants, Willie Chais-son and Joe Veillon on the grounds that under plaintiff’s limited appeal the defendants may not seek a modification of the judgment by means of an answer to the appeal. We deny the motion.
The facts, pertinent to a‘decision in this matter, are as follows: Plaintiff-appellant filed this suit in tort. Named as defendants were Willie Chaisson, Joe Veillon, James E. Wimberly and Western World Insurance Company, the insurer of Wimberly. Judgment was rendered on May 8, 1974 holding the defendants Willie Chais-son and Joe Veillon liable to the plaintiff. The judgment likewise held that the defendants James E. Wimberly and Western World Insurance Company were not liable to the plaintiff, and dismissed plaintiff’s suit as to them with prejudice.
On August 2, 1974 plaintiff timely filed a petition for a devolutive appeal from the judgment of May 8, 1974. In his petition for appeal plaintiff-appellant sought to limit his appeal to that portion of the judgment dismissing his claim against James E. Wimberly and Western World Insurance *378 Company. We quote from the pertinent portion of plaintiff’s petition for appeal:
“Petitioner desires to appeal devolutively from that judgment only as to defendants James E. Wimberly and Western World Insurance Company . . . .”
On February 3, 1975 the appeal was filed with this court, and on February 12, 1975 the defendants Willie Chaisson and Joe Veillon filed an answer to the appeal, alleging that the judgment holding them liable unto the plaintiff should be reversed or in the alternative that the judgment was excessive and should be reduced.
In his motion to strike plaintiff-appellant alleges that since his appeal was limited to that portion of the judgment dismissing his claim as to James E. Wimberly and Western world Insurance Company, the defendants Willie Chaisson and Joe Veillon may not by answer to the appeal seek to have the judgment modified as there is no appeal as to them to answer.
The statutory law applicable to this matter is contained in LSA-C.C.P. 2133, and we quote:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.” LSA-C.C.P. art. 2133. Emphasis supplied.
An appellant may not by taking a limited appeal, curtail an appellee’s right to bring up for review before an appellate court any portion of the judgment rendered against him in favor of the appellant by means of an answer to the appeal. That this was the intent of the reactors of LSA-C.C.P. art. 2133 is made very clear in the Official Revision Comments (b) and we quote:
“(b) Under Louisiana jurisprudence if an appellant takes a limited appeal, this does not preclude the appellee from raising any other points on appeal by answer, even though such points are not embraced in the appellant’s appeal as taken.”
Our jurisprudence is likewise well settled that an appellee’s right to have the judgment reviewed by answering the appeal cannot' be taken away from him by the appellant appealing only for an express and specific, or limited purpose. See City of Shreveport v. Kahn et al., 194 La. 55, 193 So. 461 (1939); Alengi et al. v. Hartford Accident & Indemnity Co. et al., 183 La. 847, 165 So. 8 (1935); Warren v. Fidelity Mutual Insurance Company, 99 So.2d 382 (La.App. 1st Cir., 1957); Milner v. Louisiana Public Utilities, Inc., 1 So.2d 443 (La.App. 1st Cir., 1941); Glass v. Holomon, 197 So. 438 (La.App. 2nd Cir., 1940).
For the reasons assigned, plaintiff-appellant’s motion to strike is hereby denied.
Motion denied.