JOHN S. COVINGTON, Judge.
A bench trial was held in this personal injury action on March 10 and 11, 1986. During the first day of trial, defendant, Dairyland Insurance Company, plaintiff's UM insurer, tendered its check for $12,-035.07 and it was placed in the Registry of the Court; Dairyland rested its case immediately after plaintiff rested. At the conclusion of the trial on March 11, 1986, the trial judge rendered judgment in favor of plaintiff and against Great Plains Insurance Company, UM insurer of the Terre-bonne Parish Police Jury and its employees, Dairyland, Teri Theriot’s liability insurer and plaintiff's UM carrier, in solido for $581,795.96, having reduced the total of $646,439.95 by ten percent, the amount of negligence attributed to plaintiff. The judgment specified that Dairyland’s liability, as Theriot’s liability carrier, was being limited to $10,000 plus legal interest thereon from date of judicial demand and that Dairyland’s liability, as plaintiff’s UM carrier, was being limited to $10,000.00 plus legal interest thereon from July 3, 1985. The liability of Great Plains was stated in *763 the judgment as being limited to $500,-000.00 plus legal interest thereon from July 3,1985. Twenty-five percent of court costs was assessed against Dairyland and seventy-five percent was assessed against Great Plains. Judgment was rendered in favor of Terrebonne Parish Consolidated Government (Police Jury), plaintiff’s employer, as intervenor for the amount of $89,225.17.
On April 1,1986, Great Plains devolutively appealed the trial court’s judgment which was rendered February 19, 1986 and signed March 3, 1986, holding that Great Plains provided $500,000.00 UM coverage at the time of the accident which was the basis of the suit. On April 7, 1986 Great Plains suspensively appealed the judgment rendered on March 11, 1986 and signed on March 17,1986, referred to above, and filed the required appeal bond in the amount of $912,151.03 on April 25, 1986.
Plaintiff answered Great Plains’ appeal, requesting, inter alia, “interest against Dairyland as the insurer of Teri Theriot on the full amount of the judgment, not just the $10,000.00; in the alternative, interest on the $10,000.00 from date of judicial demand, until this appeal is fully and finally satisfied, and then paid.” We note in passing that the judgment awarded interest on the judgment against Dairyland, in its capacity as Theriot’s liability insurer, “from date of judicial demand until paid.” Inter-venor answered Great Plains appeal, requesting it be paid “in preference and priority out of the award” to plaintiff, that intervenor be paid “for medical expenses and weekly compensation benefits paid to plaintiff subsequent to the judgment and until this appeal is fully and finally satisfied,” and that the future medical expenses award be increased from $30,200.00 to $75,-000.00. Plaintiff’s answer to appeal seeks an increase in the general damages award from $300,000.00 to $500,000.00 and an increase in the future medical expenses from $30,200.00 to $75,000.00.
Dairyland did not appeal the judgment rendered against it and the other defendants in solido. On July 30, 1986 Dairyland filed its motion to dismiss plaifitiff’s answer to appeal “insofar fe^ame contends to be an appeal of any issues against Dairy-land Insurance Company.” ^ Dairyland’s motion to dismiss avers that plaintiff’s “answer to Appeal is not the proper procedural vehicle for ... [plaintiff] to seek modification of the Judgment against Dairyland and, instead, to properly appeal any issues against Dairyland, he should have filed an appeal of his own.” In Dairyland’s memorandum in support of its motion to dismiss, it represents that not only is Dairyland “not an appellant herein” but that “it has deposited into the registry of the court all sums, including interest, which the Judgment ordered it to pay” and argues that plaintiff-“appellee’s answer to the appeal of Great Plains Insurance Company does not permit a review of the judmgent as to Dairyland, which did not appeal,” citing, inter alia, La.C.C.P. art. 2133, Francois v. Ybarzabal, 483 So.2d 602 (La.1986).
Intervenor-appellee filed an opposition to the motion to dismiss, arguing that because Dairyland “was cast in judgment in solido with appellant, Great Plains ... [its] appeal ... made it possible for all parties to answer that appeal and ask for relief as to any portion of the judgment ...” and cites as its authority La.C.C.P. art. 2133 and Monk v. Veillon, 309 So.2d 377 (La.App. 3d Cir.1975). One week after Intervenor filed its opposition, plaintiff-appellee filed his opposition and memorandum virtually identical in every respect to Intervenor’s, including the declaration “Terrebonne Parish asserts that Dairyland’s Motion to dismiss his appeal should be denied.”
Monk is distinguishable on its facts. Monk sued three individuals and the insurer of one of them in tort. The trial court found two of the individuals liable and exonerated the other individual and his insurer. Plaintiff Monk devolutively appealed the judgment “only as to defendants’ who were exonerated.” The two persons cast in judgment answered the appeal, “alleging that the judgment holding them liable ... should be reversed or in the alternative that the judgment was excessive and should be reduced.” 309 So.2d at 378. In *764 denying plaintiff-appellant’s “motion to strike the answer to the appeal,” the court, per Watson, J., reasoned, in part, as follows:
An appellant may not by taking a limited appeal, curtail an appellee’s right to bring up for review before an appellate court any portion of the judgment rendered against him in favor of the appellant by means of an answer to the appeal. ...
Our jurisprudence is likewise well settled that an appellee’s right to have the judgment reviewed by answering the appeal cannot be taken away from him by the appellant appealing only for an express and specific, or limited purpose, (citations omitted.)
309 So.2d at 378.
In Monk the lone appellant was the singular plaintiff who was seeking to have two defendants, exonerated by the trial court judgment, declared liable by the appellate court. In the instant case one of the multiple defendants, Great Plains, declared liable in solido with the other defendants, appealed the trial court’s holding that its policy provided $500,000.00 of UM coverage. Another defendant, Dairyland, as insurer of the tortfeasor and as UM insurer of plaintiff, was cast for policy limits under each policy and its liability was stated in the judgment as being policy limits plus legal interest thereon from specified dates although it was cast in solido with its liability insured and Great Plains as Inter-venor’s UM carrier. In exceptional circumstances an insurer’s policy limits can be “extended” beyond those stated in the policy. See Roberie v. Southern Farm Bureau Casualty Insurance Co., 250 La. 105, 194 So.2d 713, 716 (1967). Plaintiff’s Answer to Appeal does not, on its face, state the exceptional circumstances which would “extend” Dairyland’s liability, either under plaintiff’s UM coverage or under Theriot’s liability coverage. Thus, facially at least, Dairyland’s liability would be limited to policy limits, plus legal interest thereon, under both the liability policy and the UM coverage of plaintiff’s policy. The fact that Dairyland was cast in solido with its insured, the tortfeasor, and Intervenor’s UM carrier is no legal justification for plaintiff’s seeking, via answer to Great Plains’ appeal, to have Dairyland ultimately responsible for any sums greater than the policy limits of its liability and UM policies.
Dairyland’s argument that “the time for filing a devolutive appeal ... has elapsed ... and [plaintiff] did not file his own, independent appeal of the judgment as it relates to Dairyland Insurance Company” is supported by the appeal record.
As in Francois, “this case concerns ... rights of a party answering an appeal against non-appealing parties.” La.C.C.P. art. 2133 states, in part, that:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.... (Emphasis ours.)
It is perfectly obvious to us that the codal article states, in unambiguous terms, that an answer to the appeal is effective only as a response to an appeal taken by a party or parties who actually appealed, timely, the judgment or any part thereof which they believe to be wrong. The Supreme Court, in Francois, supra, and we, in Williams v. Reed & Sims, Inc., 458 So.2d 490 (La.App. 1st Cir.1984), have held that La C.C.P. art. 2133 simply means what it says. Because Dairyland did not appeal the judgment, plaintiff’s attempt to have the judgment modified as to Dairy-land by merely filing an answer to Great Plains’ appeal from the March 17, 1986 judgment, is without any legal effect whatsoever. We agree with Dairyland’s argu *765 ment that plaintiffs answering Great Plains’ appeal “does not permit a review of the judgment as to Dairyland, which did not appeal.” Accordingly, the motion to dismiss appeal is granted insofar as plaintiffs answer to appeal purports to seek appellate review of the judgment as it pertains to Dairyland. However, we decline Dairyland’s request for damages and attorneys fees “for the frivolous appeal filed by Keith A. Giroir” because we do not deem this a frivolous appeal under the totality of circumstances.
ANSWER TO APPEAL DISMISSED IN PART.