GROVER L. COVINGTON, Chief Judge.
Robert Grimm and Dairyland Insurance Company have filed a motion to dismiss in part the answer of appellees, Hugh C. Brown, III, Shannon Hardware, Ltd. (Shannon) and United States Fidelity and Guaranty Company (U.S.F. & G.).
This suit arises out of a vehicular collision between Robert Grimm’s automobile and an automobile leased by Shannon Hardware and driven by its employee, Hugh Brown. Plaintiff, Darrel Notto, was a guest passenger in Grimm’s automobile and was allegedly injured in the accident. Notto sued Grimm and his liability insurer, Dairyland Insurance Company, as well as Brown, Shannon and U.S.F. & G., Shannon’s liability insurer. Brown, Shannon *789 and U.S.F. & G. filed a cross-claim against Grimm and Dairyland, contending the accident was due solely to Grimm’s negligence and seeking judgment against Grimm and Dairyland for any amounts Brown, Shannon and U.S.F. & G. were ordered to pay. Grimm and Dairyland filed a third party demand seeking indemnification or contribution from Brown, Shannon and U.S.F. & G.
The suit was tried before a jury which found the accident was due solely to the fault of Brown. The jury awarded Notto damages totalling $120,000.00. Notto appeals the judgment, contending the damage award is inadequate. Brown, Shannon and U.S.F. & G. answer the appeal, alleging the damages are excessive. Appellees also contend the trial court erred in finding that they were at fault and that Grimm was not negligent. Appellees’ answer prays that the judgment be reversed or, alternatively, that the judgment dismissing the claims against Grimm and Dairyland be reversed or modified to assign Grimm and Dairyland a percentage of fault.
Grimm and Dairyland have moved to dismiss appellees’ answer in part. They argue appellees cannot seek any modification of the judgment as it pertains to the liability of Grimm and Dairyland in an answer to Notto’s appeal. They maintain appellees’ only remedy was to file an independent appeal.
Code of Civil Procedure article 2133 provides as follows:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action. (Emphasis added.)
In the present case, appellees in their answer demand modification or reversal of the judgment insofar as it failed to assign a percentage of fault to Grimm, which they sought in their cross-claim. Seeking such relief in an answer to the appeal is clearly allowed by article 2133. See Coleman Oldsmobile, Inc. v. Newman & Associates, Inc., 477 So.2d 1155 (La.App. 1st Cir.1985), writ denied, 481 So.2d 1334 (La.1986).
Grimm and Dairyland cite Francois v. Ybarzabal, 483 So.2d 602 (La.1986), and Giroir v. Theriot, 498 So.2d 762 (La.App. 1st Cir.1986), in support of their argument that the answer should be dismissed. Those cases state that an answer to an appeal does not have the effect of an appeal as to any portion of the judgment rendered in favor of or against a party who has not appealed. However, both of those cases can be distinguished from the case at hand. The appellees in Francois and Giroir demanded in their answers the reversal or modification of the judgment on the principal demand rendered in favor of a party who did not appeal. Neither case involved a judgment denying relief prayed for in an incidental action.
The motion to dismiss is denied at movers’ cost.
MOTION DENIED.